## NIXON *vs.* ROBBINS, EXECUTOR &c.

1.  Where conditional words are used in a will, which, if unexplained, would prevent the vesting of a legacy, such words will not be allowed to defeat the intention of the testator, when apparent from other portions of the will, that the legacy should vest immediately; and where an absolute property is bequeathed to one at a certain period *in futuro,* and the whole of the intermediate interest is given to another, the legatee of the absolute property takes a vested interest.

2.  Where a testator bequeathed certain slaves to his daughter, "during her natural life, with this *proviso: that if her son Thomas, now an infant, should live to be twenty-one years of age,*" then he gave three of said negroes to his said grandson, "to him and to his heirs forever," *it was held,* that the legacy to the testator's grandson was contingent, and did not vest until he arrived at the age of twenty-one years.

3.  An executor's assent to the legacy of a life interest in slaves, operate as an assent on his part to the legacy of a vested remainder in them; but if the remainder is contingent, and the interest during the property during the interval between the termination of the life estate and the happening of the contingency on which the remainder is to vest, is not disposed of by the will, it must be administered accordingly by the executor, and his assent to the legacy for life will have no effect whatever on the remainder.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ANDREW B. MOORE.

DETINUE for certain slaves, by the executor of John Robbins, deceased, against Richard J. Nixon. Both parties claimed under the will of said John Robbins, which contained the following clause :

"I lend unto my daughter Mary Nixon the following negro slaves, viz., Peter, Esther, Michael, Armstead, and Little Fanny (Little Fanny she is not to have till the death of my wife), and one negro girl named Rose, during her natural life; with this proviso : that if her son, Thomas Nixon, now an infant, should live to be twenty-one years of age, I give unto him, the said Thomas Nixon, three of the negroes which I have loaned my daughter Mary, viz., Rose, Armstead and Michael, to him and his heirs forever ; and after the death of my daughter Mary, the negroes I have loaned to her (for) her natural life, except the three I have given to

my grandson Thomas Nixon, I give and bequeath (to) her children lawfully begotten of her body."

The negroes sued for are the three above named which were bequeathed to said Thomas Nixon. The defendant was the husband of said Mary Nixon, who had died before the commencement of this suit, and the father and guardian of said Thomas, who was shown to be seven or eight years of age ; and he received the slaves, in right of his wife, from the executor. Upon these facts, the court charged the jury, that the plaintiff was entitled to recover ; to which charge the defendant excepted, and which he now assigns for error.

WILLIAM M. MURPHY, for the appellant :

1. The will of John Robbins, Sr., creates a vested remainder in his grandson, Thomas Nixon.—Farley v. Gilmer *et al.*, 12 Ala. 141. In the case cited, on page 144, it is said : " A devise of freehold to A when he shall attain twenty-one years, will vest immediately in A, whether the devise be immediate or only in remainder." In this case, this court, in the construction of the will, looked to the intention of the testator. John Robbins believed that bequest vested these slaves in his grandson. After making the bequest to his daughter and grandson, he says : " The negroes I have loaned to her, for her natural life, except the three I have given to my grandson, Thomas Nixon, I give and bequeath her children lawfully begotten of her body." This lot of negroes was set apart by the testator to the family of this daughter ; and supposing that he had given three to his grandson Thomas, he makes no further disposition of them, but he does of the other slaves, " to her children lawfully begotten of her body." Again ; by reference to the whole will, it will be seen that the testator disposed of his whole estate to his children.—See, particularly, Boraston's Case, 3 Co. 19b ; Mansfield v. Dugard, Gill. Eq. R.

2. The proviso is applicable alone to the estate given to the daughter Mary Nixon. " I lend unto my daughter (the slaves naming them) during her natural life ; with this proviso, that if her son, Thomas Nixon, should live to be twenty-one." The wife took a life estate, *provided* Thomas Nixon should not live to be twenty-one ; but provided he did live to be twenty-one, then a term for years. To test the application of this proviso,

and to show that it applies to the estate that Mary Nixon was to take, look at the words preceding it. Those words create an estate for life. The proviso, however, qualifies it, and converts an estate for life to the attainment of the majority of her infant son Thomas. Again; this is a loan to Mary Nixon for life, or for years. The contingency contended for is intended for her estate. As to the grandson, the gift was, by the intention of the testator, postponed until he was twenty-one.

3. This court, as to remainders and executory devises, applies to slaves the laws applicable to real estate. In the case of Doe, lessee of Hunt, v. Moore, 14 East 604, Lord Ellenborough says, " that according to the rule established by the decisions on the devises of real estate, a devise to A when he attain twenty-one, to hold to him and his heirs, and if he die under twenty-one, then over, does not make the devisee attaining twenty-one a condition precedent to the interest vesting in him, but the dying under twenty-one is a condition subsequent on which the estate is to be divested." In Roper on Legacies, vol. 1, 387, there is a class of cases cited applicable to this. " When the period of payment or enjoyment of the fund is deferred until the legatee attain the age of twenty-one, but in the mean time the property is given to a parent," &c., " the words 'when' or 'after,' which import a condition precedent to the vesting of the legacy, will not be permitted to produce that effect; but on the contrary, will be merely descriptive of the time when the legatee will be let into possession;" " the reason why it was not given sooner to the legatee, was from regard to his convenience, as it could not be given conveniently to a person of his age.—See Goodtitle v. Whitby, 1 Burr. p. 232 ; 9 Vesey 230. The intention of the testator, in the case at bar, was to carve out this estate to the mother for the convenience and benefit of her son, Thomas Nixon, who was an infant and unable to take care of his legacy. This is evident from the fact, that the moment he shall become capable of its management he is to take. Upon this point, that this estate vested in Thomas Nixon, the cases decided in North Carolina are in point. In Johnson, adm'r, v. Baker, 3 Murphy 318, " testator gave to his wife all the property he received with her, and the rest of his estate he gave her till his son should come to lawful age, when the same should belong to him." The widow died, leav-

ing the son surviving her. The court say : "The words 'till his son comes to lawful age, when the property should belong to him,' do not import a contingency; they only mark the time when the remainder limited by the will is to vest in possession ; the devise being considered as made subject to the intermediate estate created out of it, and made an exception to it." On page 321, the court say : "The determination, in this case, does not conflict with the rule, that where a devise is made to a person when he shall attain twenty-one, without any disposition of the property in the mean time, that generally such devise or bequest is conditional, and will not vest before the arrival of that period. But an exception is made to the rule, where the testator has disposed of the intermediate interest, either to a stranger or legatee. It was upon this distinction that the case of Perry v. Rhodes' Adm'r was decided (1 Law R. 82.)" In the case of Perry v. Rhodes, 1 Carolina Law Repository, on page 84, "the intermediate interest is given to the wife, doubt-less, with a view to the benefit of the children, as well as to her-self ; and it has been held, that where the intermediate interest is given, either to a stranger or to the legatee himself, such a case forms an exception to the distinction which has been stated, because it explains the reason why the time of payment on division, as in this case, was postponed, and is perfectly consistent with the intention of the testator that the legacy should immediately vest."

4. The executor, in this case, cannot recover, having assented to the legacy, and delivered it.—Adm'r of Cross v. Terlington, 2 Murphy's (N. C.) R. p. 6. This case decides, that an administrator cannot bring trover for a chattel, after his consent that defendant shall have it before administration granted.— "After the assent of the executor to a specific legacy, the legal property in the thing is completely vested in the legatee, nor can it, at law, be divested by the creditors of the testator, and a *fieri facias* against the goods of the testator cannot be levied upon it.—2 Lomax on Ex. 134 ; Hunter, ex'r, v. Green, 22 Ala. 338.

5. In North Carolina it has been decided, as to the assent, that the general rule cannot be doubted, that where a legacy is limited over by way of remainder or executory devise, the executor's assent to the first taker is good as to all subsequent

takers.—Dumander's Ex'rs v. Carrington, 1 Murphy 468. In the case at bar, there is no further trust or duty to perform; and it has been decided in North Carolina, that where that is the case there is no responsibility on the executor.

6. After the legacy is assented to, and the property delivered to the legatee, there is no further privity.—Redmond v. Coffin, 2 Dev. Eq. (N. C.) 437 ; see particularly the opinion of Judge Ruffin, p. 444) ; Saunders v. Gatlin, 1 Dev. & Bat. Eq. 86.

7. Upon what principle can this property revert to the executor ? There are no duties required by the will to be executed, which have not been discharged ; there are no responsibilities. The case of Williamson and Wife v. Lucy Mason, 23 Ala. 488, decides that the executor of the person taking the life estate was entitled to the property, to hold as trustee for the children of Lucy Mason, by virtue of the terms of the deed ; it having been decided that the contingent remainder under the deed could be supported by the estate continuing in the executors of the persons owning the life estate. Here the executor of the persons entitled to the life estate are not suing. The case of McWilliams v. Ramsay, 23 Ala., does not apply.— There the deed expressly requires that the title and property shall revert to the grantor if living, and if dead shall descend to his heirs.

8. Having now shown that the executor, after his assent to the legacy and delivery to the legatee, cannot recover, the question presents itself, who is entitled to have this property until Thomas Nixon arrives at the age of twenty-one years ? I answer, that the executor or administrator of his mother, Mary Nixon. Mary Nixon has an estate for life, unless her son, Thomas Nixon, arrives at the age of twenty-one. If he shall arrive at the age of twenty-one, she has an estate until that time. This latter is vested, and upon no contingency. This is a term for years, if Thomas Nixon should live to be twenty-one. Thomas Nixon is still living, and not yet twenty-one. She has a vested interest in these slaves of a term for years, while Thomas Nixon is living ; and her administrator can sue for, recover and hold this usufructuary interest bequeathed to her during the life of Thomas Nixon, and until he shall be twenty-one ; at that time the property becomes his. This construction supports the will, and effectuates the intention of the testator ;

it certainly was the intention of the testator, to part with the property in these slaves for the benefit of his daughter, and the slaves can never revert to his estate until the death of Thomas Nixon. During his life and until he attains the age of twenty-one, the term for years is in his mother, or her representatives : if he should die before that (if the bequest be contingent as to him) the question of reversion will arise; until that shall occur, before his arrival at twenty-one, it cannot occur.

J. W. LAPSLEY, *contra :*

The bequest to Thomas Nixon was executory, and creates a contingent estate dependent on his attaining the age of twenty-one years. The words " with this proviso : that if " &c., as used in this will, have a double effect : 1st, to limit Mrs. Nixon's life estate to the period when her son Thomas should arrive at the age of twenty-one, if both should live so long; and, 2nd, to create a contingent estate in said Thomas, dependent on his attaining the age of twenty-one. If the estate of Thomas is not contingent, it is impossible to conceive of a contingent estate ; and if contingent, it cannot vest, of course, until the event happens on which it depends, viz., his living to the age of twenty-one. If it does not vest, it must, of course, revert to the estate of the testator, to be held by the executor subject to the happening of the contingency.—Fearne on Remainders, " Executory Devises," " Contingent Remainders," &c.; Marr v. McCullough, 6 Porter 507 ; Batesford v. Kibbell, 3 Vesey 363 ; Hanson v. Graham, 6 *ib.* 239 ; 5 *ib.* 582 ; 1 Jarman on Wills, pp. 771, 777, 301.

It is contended by the plaintiff in error, that the intervention of the particular estate in Mrs. Nixon changes the character of the bequest to Thomas, and makes it, though in terms contingent, a vested interest ; and the case of Pearson v. Carter, 3 Murph. (N. C.) 321, is relied on to sustain this position. On examination of that case, it will be found totally different from this: there it was held, as a well established general rule, that even the word " when," standing alone, and applied to legacies, is a word of condition.

GOLDTHWAITE, J.—The will of the defendant's testator contains the following clause :

"I lend unto my daughter Mary Nixon the following negro slaves, viz., Peter, Esther, Michael, Armstead, and Little Fanny (Little Fanny she is not to have till the death of my wife), and one negro girl named Rose, during her natural life ; with this proviso : that if her son, Thomas Nixon, now an infant, should live to be twenty-one years of age, I give unto him, the said Thomas Nixon, three of the negroes which I have loaned my daughter Mary, viz., Rose, Armstead and Michael, to him and his heirs forever ; and after the death of my daughter Mary, the negroes I have loaned to her (for) her natural life, except the three I have given to my grandson Thomas Nixon, I give and bequeath (to) her children lawfully begotten of her body."

The main question in the case is, whether the legacy given to Thomas Nixon is vested or contingent. The gift is to Thomas Nixon, "*if*" he should live to be twenty-one years of age ; and the rule is, that this expression, unless it is controlled by the context of the will, postpones the vesting of the legacy until the period at which it is payable ; for until the event happens, that which is grounded upon it cannot take place ( Brownsword v. Edwards, 2 Ves., Sr., 243, 248). But although this is the general rule, applicable to all conditional words, it must yield to the intention of the testator ; and hence, although the words used are such as, if unexplained, would prevent the legacy from vesting immediately, yet, if from other parts of the will, it is apparent that such was not the intention of the testator, but that the words expressive of a condition were not used in that sense, but only to mark the time when the legacy was to be received, then the words must be construed to effectuate the intention.— Upon this principle it is well settled, that, although there be no gift of the legacy previous to the period appointed for its payment, yet, if the intermediate interest be given to the legatee, or to be used for his benefit, such circumstances will operate to vest the legacy ; for the reason, that as the whole interest is given, either in one way or the other, for the benefit of the legatee, it could not have been the intention of the testator to have made the absolute interest in the legatee con-

tingent.—Fonerau v. Fonerau, 3 Atk. 645; Hoath v. Hoath, 2 Bro. C. C. 4; Parker v. Golding, 13 Sim. 418. So, also, when the intermediate interest is not bequeathed for the benefit of the legatee during minority, or until the fund is directed to be paid him, but such interest is bequeathed to another person beneficially till the legatee of the capital arrives at a particular age, and when he attains it the fund is directed to be paid to him; or, where the intermediate interest is given to another for life; as where the fund is bequeathed to, or in trust to, A for life, and after his death to B. In this class of cases, the person to whom the absolute property is limited, will take an immediate vested interest in the subject; such bequests being in the nature of remainders, and the interest of the first and subsequent takers vesting at the same time. This was the principle on which Boraston's case, 3 Co. 16, was decided; in which the devise was to Thomas Amory and wife for eight years, then to the executors till Hugh Boraston should accomplish the age of twenty-one years, and the mesne profits to be employed by the executor to the performance of the will, and then to Hugh Boraston and his heirs forever. The conditional words, " should accomplish the age of twenty-one years," were made to bend to the intent of the testator, gathered from the other parts of the will, which showed that the term of the executors was not to determine until the time when the remainder-man would have been of age, *had he lived*, and they were so construed; and then, as the particular estate was not determined by the death of the remainder-man, the estate in remainder vested immediately. This is the leading case; and the principles on which it rests, have since been generally acknowledged. These principles are:

1. That where conditional words are used in a will, which, if unexplained, would prevent the vesting of a legacy, such words will not be allowed to defeat the intention of the testator, that the legacy should vest immediately, when apparent from other portions of the will;

2. That where an absolute property is bequeathed to one, at a certain period *in futuro*, and the whole of the intermediate interest given to another, the legatee of the absolute property takes a vested interest.—Mansfield v. Duggard, 1

Eq. Cas. Abr. 195, pl. 4; Goodtitle v. Whitby, 1 Burr. 228; Lane v. Gouge, 9 Ves. 226, 231 ; Taylor v. Biddall, 2 Mod. 289 ; Johnson v. Baker, 3 Mur. 318.

It is obvious, that the case at bar does not fall within that class of cases, to which the last mentioned principle deducible from Boraston's case is applicable ; the bequest of the intermediate interest not being to the daughter until Thomas Nixon shall arrive at twenty-one years of age. The gift is to her for life, provided Thomas Nixon does not live to be twenty-one ; and if she dies before he arrives at that age, there is a gap between the intermediate interest and the legacy to Thomas Nixon ; and upon the principles applicable to real estate, the latter would be void as a remainder. This distinguishes the present case from the case of Johnson v. Baker, *supra*, and the other cases cited by the appellant.— Our conclusion is, that the legacy to Thomas Nixon did not vest, until he arrived at the age of twenty-one years.

As the bequest to Thomas Nixon was contingent, it follows that the interest in the slaves during the interval between the determination of the life estate of Mary Nixon, and the happening of the contingency, upon which the legacy to Thomas Nixon was to vest, not being disposed of by the will, was an intestate interest, and was to be administered accordingly by the executor. The assent on his part to the legacy to Mary Nixon had no effect whatever, upon the bequest to Thomas Nixon, for the reason we have already assigned. Had there been a limitation over to him, by way of vested remainder, then the assent to the legatee of the intermediate estate, would have operated as an assent to the remainderman. But this is not that case.

Judgment affirmed.