# Johnson, Exec. v. Terry, Guardian, &c.

*Bill in Equity for Settlement of Executorship and for the Establishment of Devisee's Interest in Estate of Testator.*

1. *Construction of will; when devisee takes a contingent estate.*
   Where, in his will, a testator directs that his estate should be kept together, and the rents, incomes and profits used for the support and maintenance of his family, and that, as his children arrive at the age of twenty-one years, respectively, such child should receive his or her *pro rata* share of the estate, and it is then further directed "that in the event either of my said children die before attaining the age of twenty-one years, * * * then the share of my estate of such deceased shall be divided in equal parts between the survivors," the devisees take under the will a contingent estate and not a vested estate, and upon the death of either of the children before arriving at the age of twenty-one years, the share of such child falls to the surviving children of the testator.

2. *Same; same.*—In such a case, the fact that one of the children of the testator, who died before arriving at the age of twenty-one years, had had his disabilities of non-age removed by the chancery court, does not affect the rights of those claiming under such child; the decree of the court in removing the disabilities of non-age not having the effect of subverting the intention of the testator, as expressed in his will.

APPEAL from the Chancery Court of Geneva.
Heard before the Hon. WILLIAM L. PARKS.
The bill in this case was filed by Hannah L. Terry, as

guardian of Hannah L. Johnson, against J. J. Johnson, as executor of the last will and testament of J. E. Johnson, deceased, and the widow and living children of said J. E. Johnson, deceased.

The purpose of the bill was to have Hannah L. Johnson, as the widow of Louis Johnson, decreed to be entitled to a one-fourth interest in the estate of J. E. Johnson by virtue of succeeding to the interest of said Louis Johnson in the estate of J. E. Johnson, deceased, under the provisions of his last will, and to have said J. J. Johnson, as executor of the will of J. E. Johnson, file an account and make a settlement of his executorship, and to deliver to the complainant, as guardian of Hannah L. Johnson, the one-fourth interest in the estate of said J. E. Johnson, deceased. The rights in the premises are dependent upon the construction of the will of J. E. Johnson. The provisions of the will which are to be construed, and the other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for and ordered accordingly. From this decree the respondents appeal and assign the rendition thereof as error.

P. N. HICKMAN, for appellant.—In construing wills, the leading idea and object is to get at what the testator meant and how he wished his property disposed of after his death.—4 Mayfield's Dig. 1156, § 347½; *Ib.* 1157, § 362. See also *Travis v. Morrison,* 28 Ala. 494.

MULKEY & CARMICHAEL, *contra.*—It is a fundamental rule of construction that in doubtful cases an interest shall, if possible, be construed to be vested, in the first instance, rather than contingent.—29 Am. & Eng. Ency. Law (1st ed.), 441. Contingent remainders are never favored in law; and words are never construed as creating a contingent remainder, if by any fair and reasonable construction, they can be held to create some other interest or estate.—*Bunting v. Speake,* 3 L. R. A. 690; *Col-*

*lier's Will,* 40 Mo. 287; 29 Am. & Eng. Ency. Law, (1st ed.), 449, note.

Where there is a clear gift, distinct from a direction to pay when the legatee attains a given age, the direction to pay will not postpone the vesting.—29 Am. & Eng. Ency. Law (1st ed.), 454.

The doctrine contended for here is firmly supported by the decisions of our own court, as the following cases will show:—*Savage v. Benham,* 17 Ala. 120; *Foster v. Holland,* 56 Ala. 574; *Russell v. Andrews,* 28 So. Rep. 703.

HARALSON, J.—The only question for review, as admitted by counsel on each side, is, whether Louis J. Johnson, under whom his surviving wife, Hannah Johnson, the complainant, claims, took under the will of J. E. Johnson, her husband's deceased father, a vested or contingent estate. If the said Louis took a vested estate thereunder, as the court below held, it is admitted that the decree should be affirmed, but if he acquired only a contingent estate, that it should be reversed. To determine this question, the will of said J. E. Johnson is to be construed. Louis married the complainant, and shortly thereafter died before he attained his majority, leaving the complainant and no child.

J. E. Johnson left a widow and three infant children, Alto May, Louis and Lizzie; the latter being the youngest. He appointed his brother, J. J. Johnson, as the executor of and trustee under his will, who duly qualified as such. He gave his executor power to manage and control his estate, to sell any portion of it if he thought best, and to reinvest the proceeds, and to appropriate the rents, income and profits arising from the estate, coming to his hands, or as much thereof as was necessary for the purpose, for the support and maintenance of his family, and the education of his children, and the surplus, if any, was to be added to the corpus of his estate, to be disposed of as he afterwards directed.

The 5th, 6th, and 7th clauses, with which we have specially to deal, are as follows: "Fifth. I direct that

my executor trustee shall, upon the happening of the events herein mentioned, divide my estate in the following manner, that is to say; as my beloved children, Alto May and Louis Johnson, (the two oldest) shall, respectively, arrive at the age of twenty-one years, it shall be the duty of my executor and trustee, to take an inventory of my then estate, adding thereto whatever then may have been (of) rents, income and profits, and to pay to such child his or her *pro rata* share of said estate, to-wit, a one-fourth part, taking therefor his or her receipts.

"Sixth. I direct that when my youngest child, Lizzie, shall arrive at the age of twenty-one years, my executor ·and trustee shall again take an inventory, adding thereto all rental incomes and profits which may have accrued, and divide the same in equal proportions between my said child Lizzie, and my beloved wife, Lizzie, taking therefor, their separate receipts.

"Seventh. I further direct, that in the event either of my said children die before attaining the age of twenty-one years, or if my wife should die before the majority of my child, Lizzie, then the share of my estate of such deceased, shall be divided in equal parts between the survivors."

The provisions of this item, 7, apply alike to all of testator's children,—the two oldest, Alto May and Louis, and to Lizzie, the youngest,—and the word, *survivors*, the last word in the 7th clause, refers manifestly to children, one or more, who might survive any deceased child or children, before arriving at the age of twenty-one years.

If the 5th and 6th clauses were construed by themselves, without reference to the 7th, it may be,—but we do not now decide that question,—the estates intended for testator's children, would be construed as vested. A rule for determining whether an estate bestowed by a will is vested or contingent is, "that where the time of division or payment is of the *substance* of the gift, the legacy is contingent; when time is mentioned only as a qualifying clause of the payment or division, then the legacy is vested;" or, in other words, "legacies payable after the death of the testator are either vested or con-

tingent; and when the testator annexes *time* to the *payment only*, the legacy will be vested, but if of the gift itself, it will be contingent."—*High v. Worley*, 32 Ala. 709; *McLeod v. McDonald*, 6 Ala. 236; *Marr v. McCullough*, 6 Port. 507.

In *Nixon v. Robbins*, 24 Ala. 663, a testator had bequeathed certain slaves to his daughter during her natural life, with the proviso, "that if her son, Thomas, now an infant, should live to be twenty-one years of age," then he gave three of said slaves to his said grandson, Thomas, "to him and his heirs forever." The court in construing this clause said: "The main question in the case is, whether the legacy given to Thomas Nixon is vested or contingent. The gift is to Thomas Nixon, 'if' he should live to be twenty-one years of age; and the rule is, that this expression, unless it is controlled by the context of the will, postpones the vesting of the legacy until the period at which it is payable; for until the event happens, that which is grounded upon it cannot take place."

In *Travis v. Morrison*, 28 Ala. 494, the testator directed his executor to keep his estate together, and devote the proceeds to the support of his family and the education of his children, giving them power to sell, etc. The will contained a specific bequest of certain slaves to one of his daughters, using this language: "It is my will and desire, that in the event of the marriage of my wife or either of my daughters, or, of the child with which my wife is now pregnant, or either of my children arriving at twenty-one years, then my said executors shall have a division of all my property, both real and personal, and of whatever kind it may consist, and assign and give to my said wife, or my said children, when they shall marry or arrive at the age aforesaid, a child's part of my estate, which I give to them and their heirs forever." The court said: "We do not regard the rule of construction invoked for appellant. as applicable to this case, [that in cases of doubt, courts inclined to regard legacies as vested.] The legacies in the clause of the will under consideration are not be-

quests *in presenti,* to be divided at a future time. The entire will, taken together, and the words of the particular clause, indicate an intention on the part of the testator, that the time appointed for the division should be of the substance of the gift, and that the legacies should not vest until some one of the contingencies set forth in the will should occur."

The case of *Phinizy v. Foster,* 90 Ala. 202, not unlike those referred to, follows them, announcing the same doctrine, holding that, "Where the payment of a legacy is dependent upon an uncertain future event, which may or may not occur, it lapses, if the legatee dies before the happening of the event. There must be some one *in esse* capable of taking, when the contingency occurs on which the right depends."

Referring specially to the 7th clause, which controls the preceding ones, and is the one where the intention of the testator as to the character of the legacy under consideration is manifested,—whether vested at testator's death or at a future date,—it is seen, that he employes the words, *"that in the event* either of my said children die before attaining the age of twenty-one years, * * * then the share of my estate of such deceased shall be divided in equal parts between the survivors." These words, as indicating contingency, are as definite and strong as the words "if" the legatee "should live to be twenty-one years of age," as employed in the will construed in *Nixon v. Robbins, supra,* where it was said such expressions postponed the vesting of the legacy, unless controlled by the context, until the period at which it is payable. It will be further seen, that there are no words in the will of a gift *in presenti,* payable in future, indicating that time is mentioned only as a qualifying clause of the payment or division, and not of the substance of the gift. Until said Louis, the husband of complainant, arrived at twenty-one years of age, no gift was made, no division of the estate to make it a gift, could occur. Whether Louis was to take anything under the will which could ever become vested in him, was wholly contingent, dependent upon the happening of a future event. It is too clear, we think, for further

consideration, that the estate he was to take was contingent and not vested, and what was designed for him at his arrival at maturity, falls to the surviving children of the testator.

The fact that Louis' disabilities of non-age were removed by the chancery court, is of no importance. A decree of the kind could not subvert the intention of the testator as expressed in his will.

The case of *Andrews v. Russell*, 127 Ala. 195, when properly construed, is not opposed to anything here decided. Upon the main question there decided, the case is distinguishable from this one.

Reversed and remanded.