# English, *et al. v.* McCreary, *et al.*

## Ejectment.

(Decided Dec. 17, 1908.   48 South. 113.)

1. *Wills; Construction; Estate Created.*—A clause in a will providing that the respective shares that I have given to my several daughters are given to them and their bodily heirs, or to the lawful heirs of their body, and to their own individual control, and not subject to debts contracted by their husband, or any other person whatsoever, creates a fee-tail estate, when considered by itself, which is converted into a fee simple estate by section 3397, Code 1907.

2. *Same; Limitations.*—The further provision in the will that should any of my younger children die before having or leaving any heir, then their share is to be divided between the remainder or surviving part of said four younger children, if intended as a restriction of the estate of the daughters (which estate is a fee-tail converted into a fee simple by statute) it did no more than postpone the vesting of the fee until the birth of issue.

3. *Estoppel; Warranty Deed; Subsequent Vesting of Fee in Grantor.*—It makes no difference as to the title of the grantee whether the child was born at the time of the conveyance or afterwards, since the conveyance to the grantee was a warranty, and the fee afterwards vesting in the grantor passed under the deed to the grantee.

4. *Wills; Construction; Estate Granted; Heir.*—A will devising property to the testator's daughters, and their bodily heirs or the living heirs of their body, with the provision that in case any of them should die before having or leaving any heir, that their share should go to the remaining children, in the use of the word, heir, means child, or a definite failure of issue; and where the daughter gave birth to a child, her estate became absolute and the limitation over was extinguished.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by W. K. English and others against James H. McCreary and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Plaintiffs are the heirs at law of Martha English, nee Kemp. The defendantts are the heirs at law of Samuel McCreary. Martha English was one of the four younger children of Samuel Kemp, whose will is referred to in the opinion of the court. She married En-

glish, at what time it is not shown, and the plaintiffs are the issues of the marriage. On the 9th day of December, 1854, Martha Englsh and her husband conveyed to McCreary under warranty deed the lands here sought to be recovered in ejectment.

McCORVEY & HARE, for appellant. No brief came to the Reporter.

H. H. McCLELLAND, for appellees. The words of the will clearly indicate the intention of the testator to vest an absolute fee in the daughter upon the happening of the event of leaving children surviving her.— *Newsome v. Holesapple,* 101 Ala. 682; *Phelps v. Bates,* 54 Conn. 11.

ANDERSON, J.—The will in question provides that the respective shares "that I have given to my several daughters are given to them and their bodily heirs or the lawful heirs of their bodies and to their own individual control and not subject to debts contracted by their said husbands or any other person whatsoever." If this clause stood alone, it would create a fee-tail estate, which is by the terms of section 3397 of the Code of 1907 converted into a fee-simple estate, in favor of the daughters.— *Mason v. Pate's Ex'r,* 34 Ala. 379; *Smith v. Greer,* 88 Ala. 414, 6 South. 911; *Slayton v. Blount,* 93 Ala. 576, 9 South. 241. See, also, the case of *Wilson v. Alston,* 122 Ala. 630, 25 South. 225, wherein the line of demarcation is drawn between these cases and the line of decisions relied upon by counsel for appellants.

The will, however, further provides: "Should any of my youngest children die before having or leaving any heir, then their shares to be divided between the remainder or surviving part of said four younger children." Conceding, without deciding, that this was intended as a

limitation upon the death of the daughter, and not of the testator, and that it was intended as a restriction upon the estate of the daughters, it did no more than postpone the vesting of the fee until the having of a child, as there is no attempt to entail the property, except in case the four youngest children die before having or leaving a child. It is therefore apparent that the testator did not wish to limit the fee, except in case the daughter died without having or leaving a child or children, and the limitation, if good at all, could do no more than postpone the vesting of the fee until the "having an heir" by the daughter. Martha had children, who are the plaintiffs in this case, and, as the remainder was dependent upon a condition never arising, the fee vested absolutely in her upon the birth of a child. Whether the fee vested in her before executing the deed to McCreary, or not, as the record does not show whether a child had been born at that time, makes no difference, as the deed was a warranty, and the fee did become vested upon the birth of her first child.

While the word "heir" is used in the attempted limitation, it is evident the testator meant "child," as the having of an heir eliminated the limitaton, and the dying before "having an heir" evidently meant dying before giving birth to a child.

The judgment of the circuit court is affirmed.

TYSON, C. J., and SIMPSON, and DENSON, JJ., concur.