(89 South. 479)

### BINGHAM v. SUMNER. (2 Div. 733.)

(Supreme Court of Alabama. May 12, 1921. Rehearing Denied June 30, 1921.)

**1. Wills ⬳634(4)—Wife's will giving husband life estate with power of disposition, the property left to go to children "then living," gave no inheritable estate to children.**

Wife's will giving her property to her husband in trust to keep the same together for

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and during his natural life, to manage, control, and use it for the benefit of the children, with authority to use the income and to sell or mortgage any or all of the property according to his own judgment and discretion, without being accountable to the children, and providing that on husband's death the property "then left" should go to the children "then living," did not give the children an inheritable estate as of the time of the wife's death, but vested a life estate in the husband, it having been wife's apparent intention that husband, as well as children, should participate in the income.

**2. Wills ⬥⟳435—Must be construed according to law and language of instrument.**

The construction of a will must be justified by the law and the language of the instrument.

**3. Wills ⬥⟳629—Plain meaning of language governs as against rules favoring early vesting of remainders.**

Rules favoring the early vesting of remainders and referring words of survivorship to the death of the testator cannot be used to wrest language from its plain meaning.

Thomas and Gardner, JJ., dissenting.

Appeal from Circuit Court, Greene County; R. I. Jones, Judge.

Bill by Martin T. Sumner against Rosemary Bingham, to settle and quiet title to land, and incidentally to construe a will. From a decree holding that respondent had no right, title, or interest in said land, respondent appeals. Reversed and rendered.

The will referred to in the opinion is as follows:

In the name of God, Amen.

I, Ada H. Sumner, wife of Martin T. Sumner, and a citizen of Birmingham, Jefferson county, Alabama, but now temporarily residing in Nashville, Tennessee, being of sound mind and disposing memory and mindful of the uncertainty of life and the certainty of death, hereby revoking all other wills, do make, publish and declare this to be my last will and testament, that is to say:

Item One.—I give, devise and bequeath unto my beloved husband, Martin T. Sumner, all of the property, real, personal and mixed, whether in possession, reversion, or remainder, all choses in action, and all rights and interests of every sort and description of which I may die possessed, or to which at the time of my death, I may have right, title or claim, either at law or in equity, in trust nevertheless, as follows:

1st.—To keep the same together for and during his natural life, and during that time to manage control and use the same for the benefit of my son, Percy H. Sumner, and all other children that may be hereafter born unto me, and it is my will and desire that in the managing of said property and in the expenditure of the rents and profits thereof for the purpose aforesaid, my said husband and trustee shall use his own judgment and exercise his own discretion, and that he shall not be held to account by my said children for his actions and doings, or for the manner of expending or using the rents and profits aforesaid, during his said life, but shall be free from liability to so account during his said life.

2nd.—My said husband and trustee may if he sees proper, or necessity arises, sell any or all of said personal and real property at public or private sale and on such terms as he may deem proper and apply the proceeds of such sale to the payment of my just debts, or use the same as he sees proper to the best interest of my said son and any after-born children, and he shall not be held accountable for the same during his life.

3rd.—My said husband and trustee shall also have the power, and he is hereby authorized to mortgage any or all of the real estate that I may die owning if, in his judgment, he deems best for the purpose of paying any indebtedness I may owe, or for any other purpose that he may in his judgment, conclude require the same and shall think is for the best interest of my estate.

4th.—My said husband and trustee shall have the power and he is hereby authorized to settle and compromise upon such terms as he may deem best, for the benefit of my children, all litigations and suits now pending, or which may hereafter arise, in which my estate shall be in any way interested, and may make all such contracts, conveyances and releases, and do all such acts as may be necessary to carry such compromises into effect.

5th.—At the death of my said husband and trustee all of my property real, personal and mixed then left shall be given to my said son, Percy H. Sumner, and other children then living share and share alike, but if any of said children shall be dead leaving child or children such child or children to take the share that its or their parent should have taken if living.

Item Two.—I hereby nominate, constitute and appoint my said husband, Martin T. Sumner, as executor of this my last will and testament, and direct that he shall not be required to give bond and security for the performance and discharge of his office and duties as such executor. In testimony whereof I have hereunto set my hand and seal this the 25th day of July, 1894.

Ada H. Sumner. [Seal.]

Probated May 8, 1899. See Will Book E, pages 350 to 352. Answer and cross-bill, with Exhibit A attached thereto, filed March 5, 1920.

The other facts sufficiently appear from the two opinions.

Edgar L. Clarkson, of Tuscaloosa, Henry Fitts, of Chicago, Edward De Graffenried, of Tuscaloosa, and R. B. Evins, of Greensboro, for appellant.

There was no gift in præsenti and the bequest was postponed to take effect at the time of the death of the husband, rendering the legacy contingent. 6 Port. 507; 28 Ala. 494; 32 Ala. 709; 139 Ala. 618, 36 South. 775; 94 Me. 429, 47 Atl. 903; 123 App. Div. 233, 108 N. Y. Supp. 110; 131 Ill. 171, 23 N. E. 430; 173 N. Y. 444, 66 N. E. 130, 93

⬥⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Am. St. Rep. 616; 58 Atl. 890; 9 N. J. Eq. 702. 2 Jarman on Wills, 727–738; 16 Mass. 241; 135 Mass. 138. There was no one falling within the class at the time the bequest took effect, and therefore no one to take, except the heirs at law. 54 Ala. 688; 90 Ala. 6, 7 South. 823. The Clisby Cases, cited and relied on by appellee, are without application to the case at bar.

Harwood, McKinley, McQueen & Aldridge, of Tuscaloosa, A. C. & H. R. Howze, Smith, Wilkinson & Smith, Stokely, Scrivner & Dominick, and William M. Spencer, Jr., all of Birmingham, and Steiner, Crum & Weil, of Montgomery, for appellee.

The law regards devises as vested rather than contingent. 121 Ala. 64, 25 South. 694. The trust was an active one, the sons were actually seized of the freehold, and the estate vested in them. 6 Ala. 236; 32 Ala. 709; 5 Wall. 268, 18 L. Ed. 572; 67 Iowa, 369, 25 N. W. 287, 56 Am. Rep. 346; 6 Har. & J. 472. Under the will the sons took a vested estate, the contingency never happened, their estate never became divested, and on their death descended to their father. 133 Ala. 437, 32 South. 127; 109 Ala. 528, 20 South. 370; 96 Ala. 162, 11 South. 372, 19 L. R. A. 839; 64 Ala. 58; 6 Wall. 458, 18 L. Ed. 869; 182 Ala. 528, 62 South. 673; 29 U. S. (4 Pet.) 145, 7 L. Ed. 809; 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015; 41 N. C. 540. The word "then," as used in paragraph 5, refers, not to the time of the vesting in interest, but to the time of full possession freed from the control of the trustees. 4 Har. & McH. 428; 39 Miss. 224; 3 Jur. N. S. 193; 49 Conn. 130; 125 Mass. 356, and authorities supra. As to the general rule of construction, see 197 Ala. 88, 72 South. 344; 202 Ala. 578, 81 South. 80; 200 Ala. 178, 75 South. 926; 116 Me. 127, 100 Atl. 553, 4 A. L. R. 1246; 63 Ala. 448; 96 Ala. 162, 11 South. 372, 19 L. R. A. 839; 5 Wall. 268, 18 L. Ed. 572; 109 Ala. 528, 20 South. 370; 126 Ala. 107, 28 South. 388; 130 Ala. 502, 30 South. 517; 146 Ala. 687, 40 South. 344.

SAYRE, J. This litigation involves the title to valuable lands in the county of Greene. Appellant, Rosemary Bingham, on the one hand, claims ownership in virtue of the statute of descents as heir at law of Ada Hairston Sumner, deceased; on the other, appellee, Martin T. Sumner, surviving husband of Ada Hairston Sumner and father of her children, deceased, claims by inheritance from said children. Ada Hairston Sumner left a last will and testament, and the question at issue more narrowly stated, is whether the children under the law of the will left an inheritable estate in the lands. The report of the case will show a copy of the will.

[1] Nothing could be clearer than that a legal estate for life was by this will vested in the husband of testatrix. Title and possession were to be held in trust, and in the creation and disposition of the trust it is to be freely conceded that testatrix manifested her primary solicitude for the future of her children. But the trustee was given power to sell any or all of the property devised to him for the payment of debts or the settlement of claims against the estate, and to control, manage, or dispose of the property as he might see fit for the best interest of the estate, and it was the will of testatrix that in managing and controlling the property for the benefit of her children, "and in the expenditure of the rents and profits thereof for the purpose aforesaid," the trustee should use his own judgment and exercise his own discretion, and should not be held to account by the children for his acts and doings during his life. These provisions of the will may be construed fairly, and in full agreement with every purpose discoverable in the language used, as directing that during the life of the trustee the rents and profits to accrue from the management of the estate should be used primarily for the benefit of the children of testatrix, but not, it seems, as excluding the trustee, husband of testatrix, from participation in the benefit of such rents and profits. McLeod v. McDonnel, 6 Ala. 236. And, as to the corpus of the estate, the trustee is given power to dispose of any or all of it at discretion, and without being called to account therefor. It may be doubted that this did not confer, not merely a naked executorial trust, but a power coupled with an interest. Young v. Sheldon, 139 Ala. 444, 36 South. 27, 101 Am. St. Rep. 44. At any rate, the will contains no words importing a gift in præsenti to the children of the whole or any part of the corpus of the estate. The disposition of the corpus of the estate in trust for the life of the trustee contemplated that a part of it would be consumed in the execution of the trust, the gift over being found only in the language of subdivision 5 of item 1, where the provision was that at the death of the trustee all the property "then left" should be given to "children then living," share and share alike.

[2, 3] Rules of testamentary interpretation with a view to the discovery of intention can never transcend this limit; the intention so determined must be justified by the law and the language of the will. Rules favoring the early vesting of remainders and referring words of survivorship to the death of the testator can never be used to wrest language from its plain meaning, for, as respects these things, testators are free to do as they please with their property. Nor do we find a review of the cases to be of much service in the matter of mere interpretation, though many cases have been consulted in connection with this record. However, we notice briefly

some which seem to be considered most nearly in point.

Stress is laid on Acree v. Dabney, 133 Ala. 437, 32 South. 127, and Smaw v. Young, 109 Ala. 528, 20 South. 370. In the first-named case, where it was held that remaindermen had cut off heirs at law by a conveyance executed prior to the falling in of the life estate, the court was astute to discover a present gift of the entire fee. And in Smaw v. Young, and the cases in that line, there was an application of this rule of law: The uncertainty which prevents the vesting of a remainder must have reference to the present right of future enjoyment. In the case at bar a trust intervened with a power in the trustee which he might exercise for his own benefit, or, at any rate, without accountability, and which might consume any part or even the whole of testatrix's estate.

In Foster v. Holland, 56 Ala. 474, the will was held to give a present interest in the entire fee, though its division was postponed, for the reason that to hold otherwise would be to declare a practical intestacy as to the corpus of testator's estate during the years of the infancy of the devisees. Here the creation of the estate for life in the trustee precludes the propriety of or necessity for any such interpretation. In Travis v. Morrison, 28 Ala. 494, where management, though no title, was vested ad interim in mere executors it was held that a bequest as follows: "In the event of" the marriage of any of the legatees, or the attainment of majority by any of the infants, it is made executor's duty to divide the property equally, and to assign and give to each one a child's part, "which," the testator added, "I give to them and their heirs forever"—and in another clause providing in the same event "property shall be then equally divided among them, giving each one, as before stated, a child's part of the same," there being no words of gift in præsenti, it was held to be the plain meaning that the legatees were to take upon the contingency specified, and in no other event. In Foster v. Holland, supra, the court thought the principles of Travis v. Morrison should not be extended, but it was not overruled. No extension is necessary in the present case.

Nor do we think Duncan v. De Yampert, 182 Ala. 528, 62 South. 673, helps appellee. In that case the remainder to a class equally, some of whom were living at testator's death, was held to be vested upon the happening of that event because nothing but the death of the remainderman before the determination of the particular estate could prevent such remainder from vesting in possession. That rule was also observed in Phinizy v. Foster, 90 Ala. 262, 7 South. 836. The intervention of the life estate with the power in the life tenant to dispose of the fee serves to differentiate this case from Duncan v. De Yampert. Johnson v. Terry, 139 Ala. 614, 36 South. 775,

supports the contention that the will in this case was intended to vest in the children of testatrix (or their children) who should survive the life tenant only such part of her estate as might survive the life tenant's power of disposition, though the language of the will in that case did not point so conclusively to the result there reached, as does the language here; and so does Young v. Sheldon, supra. Other cases that have been referred to in argument are considered for one reason or another not to be in point.

The conclusion reached is the only one which would do no violence to the language of the will. Testatrix did not anticipate, nor did she make provision for, the contingency that has happened, i. e., the death of her children before her husband. The result is that her property, after the life estate given to her husband—whether by the will or by statute is immaterial just now—will descend to her blood—a circumstance usually considered as of some significance in the construction of wills—to appellant. A decree accordingly will be here rendered.

Reversed and rendered.

McCLELLAN, SOMERVILLE, and MILLER, JJ., concur.

THOMAS and GARDNER, JJ., dissent.

ANDERSON, C. J., not participating in the consideration or decision of this case.

McCLELLAN, J, (concurring). While I concur in the result attained on this appeal, as well as in much that is written in the opinion of Justice SAYRE, I am unable to discover in the will of Mrs. Sumner the slightest, remotest manifestation of a testamentary intent to create in or to devise to her husband, Martin T. Sumner, individually, a life estate in these lands. The only references in this will to Martin T. Sumner are to him as husband and trustee or as executor. The devise in item 1 of the will is to him "in trust nevertheless." Obviously a devise or bequest to one as trustee, "in trust," is not a devise or bequest to the individual named as trustee. The provisions of the will referring to the period "for and during his natural life," and other like phrases, were introduced to define the duration of the trust he was nominated as trustee to administer under the broadest discretionary powers, and so on the theory that her child or children would survive her husband, the trustee. Upon him, as trustee, was imposed the duty to serve the interests of the cestuis que trust, viz. the son Percy and any child later born. His exemption from accountability to the beneficiaries of the trust or to any one else for his acts and doings as trustee certainly did not operate—was not intended by testatrix to operate—to create a life or other estate in the property that would or could take precedence over the primary objects of the testatrix's maternal desire, viz. her child or children. Not

only is there in the will no sort of expression of an intent to invest Martin T. Sumner with a life estate in her properties, but there is a complete absence of any recognition of right, power, or authority in him to share in or to personally appropriate the rents, incomes, profits, principal, or substance of or arising from her estate. He was given a wide discretion, predicated doubtless of worthy notions of his natural fidelity to their child or children; but to Martin T. Sumner, individually, she did not give or devise anything in her will.

"A construction in favor of a devise or a bequest by implication should be so strong as that a contrary intention to that imported cannot be supposed to have existed in the mind of the testator; and such a construction, it is held, should never be adopted except in cases where, after careful and full consideration of the whole will, the mind of the court is convinced that the testator intended to make the devise or bequest. * * * The implication, as we have said in Sherrod v. Sherrod, 38 Ala. 543, must not rest on conjecture; it must be necessary, and so plain as to be irresistible to the mind." Wolffe v. Loeb, 98 Ala. p. 433, 13 South. 746.

There is no expression or intimation in this will that would justify, under the established rules quoted, an affirmation of a devise or bequest by implication pending the life of Percy or the other child.

Could a creditor of Martin T. Sumner individually have secured the satisfaction of his demand by levy upon Martin T. Sumner's life estate in this land? If so, then the whole design of the testatrix could have been deflected and defeated. Perhaps that possibility inspired Mrs. Sumner's declination to devise or bequeath any precedent estate to her husband individually. There being created by the will no life or other precedent estate upon which to pend a contingent or other remainder, my judgment is that no reversionary estate was created or contemplated by the will; that the child or children of testatrix took no estate in præsenti; and that, since neither of the children survived the trustee, Martin T. Sumner [item 5], and since they left no descendants [item 5], Mrs. Sumner has become intestate, the trust she designed having failed for want of a beneficiary or beneficiaries. Abercrombie v. Abercrombie, 27 Ala. 489, 496, 497; 1 Jarman on Wills (6th Ed.) 527 et seq. See Trustees of Cumberland University v. Caldwell, 203 Ala. 590, 84 South. 847, 848, et seq.

It results from the conclusions here but summarized that upon the death of Percy Sumner, without descendants, and the termination of the trust, Martin T. Sumner became entitled to a life estate in these lands under Code, § 3765.

THOMAS, J. (dissenting). The bill is under the statute to quiet title to real estate, and its allegations conform to statutory requirements. Code, § 5443; Davis v. Daniels, 204 Ala. 374, 85 South. 797; Carr v. Moore, 203 Ala. 223, 82 South. 473. It was by Martin T. Sumner, the husband of testatrix, against Mrs. Rosemary Bingham, her niece.

The bill was challenged by the general demurrer which was overruled. Respondent made her answer a cross-bill, claimed an interest in the lands described in the original bill, averred that she was the next of kin of Mrs. Ada Hairston Sumner, deceased, who on July 25, 1894, executed her last will and testament, and died on April 13, 1899. Said will was probated on May 8, 1899. Respondent further said that the testatrix died leaving surviving her two sons and husband, and Mrs. Bingham, who is alleged to be the next of kin and only living heir of Mrs. Sumner; that the two sons died after the mother's death and without issue, and the husband survived testatrix, is still living, and claims title to the property referred to in the bill of complaint to the exclusion of respondent; that Mrs. Sumner is—

"by reason of the death of the said Percy Hairston Sumner, intestate, said intestacy resulting from the failure of the purposes of said trust, * * * and by reason of said intestacy her said husband inherited from her only that share of the personal property which he would be entitled to under the laws of descents and distribution, as recognized and provided for by the laws of Alabama, and to the possession of the real property for his life time, being in an estate by curtesy, the right, title or interest to the other share or part of the personal property being in Mrs. Rosemary Hairston Bingham, the defendant, and the remainder of the estate after the estate for life by curtesy, in Martin T. Sumner, being vested in the defendant Mrs. Rosemary Hairston Bingham."

See Jenkins v. Woodward Iron Co., 194 Ala. 371, 374, 69 South. 646, and Barton v. Laundry, 202 Ala. 10, 79 South. 308, for recent construction of Code, § 3765.

In his answer to the cross-bill Mr. Sumner states his title to the lands as follows:

"That he does in fact own the full and entire fee-simple title in and to the * * * said lands by inheritance from his two sons, viz. Martin T. Sumner, Jr., and Percy H. Sumner, both deceased, who were not only his children, but who were likewise the sole children and heirs at law, and likewise the devisees and legatees named in the aforesaid will of Ada H. Sumner, deceased; * * * that the said Ada H. Sumner, deceased, left her surviving the defendant to said cross-bill, who was her husband, and the said Martin T. Sumner, Jr., and Percy H. Sumner, who were her only children; that neither of her said children were ever married;" that they died intestate on July 21, 1899, and January 27, 1919, respectively, "and left as * * * next of kin and sole heir at law the defendant to said cross-bill, who * * * inherited and became the owner of all the property of every kind and description own-

ed by the said" sons, embracing the property made the subject of this suit.

The will bears evidence as being the result of legal advice. It is in two items. After declaring the trust in all of her properties in the husband, Martin T. Sumner, item 1 is subdivided into five sections: (1) Provided that the trustee was "to keep the same together for and during his natural life," and "to manage, control and use the same for the benefit of" the children of testatrix in the manner and to the extent indicated, and stipulated that he "shall not be held to account by my said children for his actions and doings, or for the manner of expending the rents and profits aforesaid, during his said life, but shall be free from liability to so account during his said life;" (2) authorized the trustee to sell if he "sees proper or necessity arises," any or all of said "personal and real property," and apply the proceeds of such sale to the payment of "her debts, or use the same as he sees proper to the best interest of my said son and any after-born children," without being "held accountable for the same during his life;" (3) gave the trustee the power and authority "to mortgage any or all of the real estate * * * he deems best for the purpose of paying any indebtedness" of testatrix, or for any other purpose he "shall think is for the best interest of" her estate; (4) empowered the trustee to settle and compromise, "as he may deem best, for the benefit of" the children of testatrix, all litigation and suits then pending, or which might thereafter arise, in which her estate might be interested; and (5) "at the death of my said husband and trustee all of my property real, personal, and mixed then left shall be given to my said son, Percy H. Sumner, and other children then living, share and share alike, but if any of said children shall be dead leaving child or children such child or children to take the share that its or their parent should have taken if living." Item 2 nominates and appoints the husband as executor, and directs that he shall not be required to give bond and security "for the performance and discharge of his office and duties as such executor."

The court will put itself, as far as possible, in the position of testatrix, and take into consideration the circumstances surrounding her at the time of the execution of her will, the product of legal advice and preparation; her mode of thought and living; her relations to or associations with the objects of her bounty, their ages, conditions, and dependence; her prospects for other children and provision for them; her relations to the estate of her deceased brother, and that Mrs. Bingham was, aside from the immediate family of testatrix, her next of kin, and note the condition and probable necessity for the preservation of the estate devised or bequeathed to the end or purpose indicated; gather the manifest general scheme of testatrix from the whole instrument, from its spirit rather than its letter, and make of it, if possible, "one consistent whole," in which the primary interest prevails over any secondary interest. Ascertaining the intent of testatrix expressed therein, this will be given effect, if not contrary to law. Pearce v. Pearce, 199 Ala. 491, 74 South. 952; Ralls v. Johnson, 200 Ala. 178, 75 South. 926; Gunter v. Townsend, 202 Ala. 160, 79 South. 644; Jemison v. Brasher, 202 Ala. 578, 81 South. 80; Fowlkes v. Clay, 88 South. 651;[1] Campbell v. Weakley, 121 Ala. 64, 66, 25 South. 694. It is a rule of testamentary construction that, if there is a conflict between two clauses or expressions of a will that cannot be reconciled, the latter must prevail as the law of the instrument. if consistent with the testator's intention. Walker v. Walker, 17 Ala. 396; Denson v. Mitchell, 26 Ala. 360; Gibson v. Land, 27 Ala. 117; Thrasher v. Ingram, 32 Ala. 645.; Griffin v. Pringle, 56 Ala. 486; Ralls v. Johnson, supra.

The manifest general scheme of. testatrix was to create a trust for the benefit of her children, and she appointed her husband as trustee, with large powers to manage, control, and use her estate for the benefit of her children, with discretionary powers to sell any and all of her personal and real estate and apply the proceeds to the payment of her debts, or use the same "to the best interest" of her children; to mortgage "any or all of the real estate" for the purpose of securing any indebtedness incurred by testatrix or for any other purpose he might think to be necessary for the best interest of her estate; and to compromise and settle pending litigation and suits, and such to which the estate might thereafter be subject. The provision for final disposition of her properties was:

"At the death of my said husband and trustee all of my property real, personal and mixed, then left shall be given to my said son Percy H. Sumner, and other children then living, share and share alike, but if any of said children shall be dead, leaving child or children, such child or children to take the share that its or their parent should have taken if living." Section 5, item 1.

This was the manner of her devises and bequests. For its extent, this provision must be referred to the first paragraph of item 1, which was:

"I give, devise and bequeath unto my beloved husband, Martin T. Sumner, all of the property, real, personal and mixed, whether in possession, reversion or remainder, all choses in action, and all rights and interests of every sort and description of which I may die possessed, or to which at the time of my death, I may have right, title or claim, either at law or in equity. in trust"

[1] 205 Ala. 523.

—as thereafter specifically declared. It will be observed that no life estate in the property of testatrix, to the exclusion of her children was created in the husband (Gunter v. Townsend, supra), but that the gift, devise, or bequest was to the husband "in trust," as thereafter given specific statement, and was for the "benefit" and "best interest" of her son in esse, and all other children that might thereafter be born to testatrix. In ascertaining the intent of a testator as to the quantum of estate devised or bequeathed, the distinction between "property" and "power" is important; and whether the power of disposition is conferred on an individual as such, or in an executorial or representative capacity. Jemison v. Brasher, 202 Ala. 578, 81 South. 80; Pratt v. Douglas, 38 N. J. Eq. 516. It is further established that when an estate or interest is given in one clause of a will in clear and decisive terms, the interest so given cannot be diminished by—

"raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate." Jemison v. Brasher, supra; Duncan v. De Yampert, 182 Ala. 528, 62 South. 673; Jordan v. Walker, 201 Ala. 248, 250, 77 South. 838; Pitts v. Campbell, 173 Ala. 604, 55 South. 500; Randfield v. Randfield, 8 House of Lords Cases, 224, 235.

Mr. Chief Justice Shaw observed that:

"The words 'give and bequeath,' in a testamentary paper, import a benefit in point of right, to take effect upon the decease of the testator and proof of the will, unless it is made in terms to depend upon some contingency or condition precedent. It may be postponed, there may be no assets to answer it, it may not take effect in possession and enjoyment; but, in the meantime, the right will vest, to take effect according to the terms of the will. When, therefore, words are equivocal, leaving it in some doubt whether words of contingency or condition apply to the gift itself or to the time of payment, courts are inclined to construe them rather as applying to the time of payment, and to hold the gift rather as vested than contingent." Eldridge v. Eldridge, 9 Cush. (Mass.) 516.

Did Mrs. Sumner's will vest an absolute interest, equity, or estate in præsenti in her properties for the benefit, interest, or enjoyment of Percy H. and Martin T. Sumner, Jr.? And, if so, did such interest pass to the father under the statute of descents and distribution, when said sons (not having married) died intestate on the dates indicated?

The evidence is conclusive that at the time Mrs. Sumner executed her will Martin T., Jr., was unborn, her son Percy H. being about five years old; that she realized her financial condition, was concerned of pending or threatened litigation with her niece, Mrs. Bingham, or with her brother's administrator for the benefit of that estate or niece, and believed that some one for her estate should be empowered to compromise and settle the same; knew that money must be had to pay on her debts and incumbrance upon her properties, or that the latter be extended, and that she should provide a way for a testamentary guardian—to stand in loco parentis—to manage and control their estate, with large discretionary powers, and to support, maintain, and educate her children, as well as appoint an executor to manage the estate to free it from debt, litigation, and incumbrance. Pearce v. Pearce, supra, 199 Ala. 506, 74 South. 952. If she had bequeathed and devised her properties direct to her children without the interposition of an active trustee, as was done by the intervention of their father as such, they could not have cared for, improved and utilized the properties, prosecuted or settled litigations, raised moneys for the payment of debts, or extended incumbrances. Without a trustee of her own nomination and limitation, the court of probate would have had to appoint some one as guardian of her children. The draftsman of the will, being learned in the law (as its terms indicate), knew of the provisions of the statute (Code of 1886, § 2373; 1907, § 4340), and, I presume, advised testatrix that a testamentary guardian might be appointed only by the last will of a father, and that such right was not extended by the common law to a mother or conferred by our statute (Hernandez v. Thomas, 50 Fla. 522, 39 South. 641, 644, 2 L. R. A. (N. S.) 203, 7 Ann. Cas. 446, 111 Am. St. Rep. 137).

That such acts of administration might be performed expeditiously and with least costs for the benefit of her children, and by one having their best interests at heart, and with full faith and confidence in her husband, testatrix appointed him their active trustee; imposed upon him the management and control of her estate, and, in the nature of things, this carried the maintenance, support, and education of her infant children, they being given the beneficial interest in her estate in manner indicated therein. A trust is usually created by a provision for, or duty imposed, that requires the support, maintenance or education of others, especially when that duty devolves upon the executor or guardian. Thompson on Wills, § 355; Evans v. Evans, 200 Ala. 329, 76 South. 95. If one is charged with the execution of a trust, it must be honestly and intelligently exercised, and to the required or necessary end, or a chancery court may compel it, or restrain a diversion therefrom of the trust fund. That is to say, discretionary powers given under the instrument may be revised if necessary to preserve the trust estate and to attain its lawful purposes. Pearce v. Pearce, supra; Ralls v. Johnson, 200 Ala. 178, 182 (16), 75 South. 926. It is hardly necessary to observe that, when the purposes of a trust have been accomplished, there no longer remains any trust; that the estate of the trus-

tee terminates, and the equitable estate of the beneficial owner, if in esse, is converted into a legal estate. Cherry, Trustee, v. Richardson, 120 Ala. 242, 24 South. 570; Christian v. Amer., etc., Mortg. Co., 92 Ala. 130, 9 South. 219; Doe ex dem. Gosson v. Ladd, 77 Ala. 223, 231; Schaffer v. Lavretta, 57 Ala. 14; Grimball v. Patton, 70 Ala. 626, 635.

I may note, in passing, rules of testamentary construction: That when the intention is obscure or doubtful, the law inclines to regard estates as vested rather than contingent (Dozier v. Dozier, 201 Ala. 174, 77 South. 700; Campbell v. Weakley, supra; Fowlkes v. Clay, supra; Crawford v. Engram, 153 Ala. 420, 45 South. 584; Duncan v. De Yampert, 182 Ala. 528, 62 South. 673; Travis v. Morrison, 28 Ala. 494; Code 1907, § 3396); that where property is devised to a trustee without charging him with the performance of any duty with respect to the trust property, the effect is to vest both the equitable and legal title in the cestui que trust (Coker v. Hughes, 87 South. 321;[1] Gunter v. Townsend, 202 Ala. 160, 79 South 644; You v. Flinn, 34 Ala. 409, 414; Code, § 3408); and that charging a trustee with, or imposing on him, certain positive and active duties with respect to the trust estate creates an active trust vesting in the trustee the legal title for the purposes of the trust and beneficiaries thereof (Coker v. Hughes, supra). Appellee insists that under the law of the will of Mrs. Sumner her two sons were given the beneficial interest in the property, and were actually seized of the freehold, which, by their respective deaths, descended to the father, the complainant in the original bill. Schaffer v. Lavretta, supra; Croxall v. Sherrerd, 72 U. S. (5 Wall.) 268, 18 L. Ed. 572; Meek v. Briggs, 87 Iowa, 610, 54 N. W. 456, 43 Am. St. Rep. 410; McLeod v. McDonnel, 6 Ala. 236; High v. Worley, 32 Ala. 709; Lyons v. Bradley, 168 Ala. 505, 53 South. 244, 25 L. R. A. (N. S.) 1045 et seq., notes.

It is established that, where a future time for the payment of a legacy is defined by a will, a legacy is vested or contingent according as it appears, whether the testator's intention was to annex time to the payment of the legacy or its gift—whether futurity is annexed to the substance of the gift or to the time of payment only. Gunter v. Townsend, supra, 202 Ala. 166, 79 South. 644; Pearce v. Pearce, supra, 199 Ala. 497, 74 South. 952; Marr v. McCullough, 6 Port. 507; Gregg v. Bethea, 6 Port. 9; McLeod v. McDonnel, supra; McLemore v. McLemore, 8 Ala. 687; High v. Worley, supra; Wynne v. Walthall, 37 Ala. 37; Andrews v. Russell, 127 Ala. 195, 28 South. 703; Johnson v. Terry, 139 Ala. 614, 36 South. 775; Crawford v. Engram, supra, 153 Ala. 425, 45 South. 584; Montgomery v. Wilson, 189 Ala. 209, 66 South. 503. This is the traditional mode of initiating discussion of whether a postponed gift or devise is vested or contingent. If futurity is annexed to the substance of the gift or devise, the vesting is suspended; but if it appears to relate to the time of payment or delivery of possession only, it vests at once. L. R. A. 1918E, p. 1099; L. R. A. 1915C, p. 1025; 23 R. C. L. 506. Whether the vesting of a legacy is prevented by a provision for survivorship among the legatees may be indicated by the fact that the will contains a clause of survivorship which would be useless were the gift to such child only as attained the age indicated, and it is said to be a circumstance tending to show an intention to give an immediate interest. The presumption arising from the presence of a clause for survivorships may not be a strong one, for the clause may be added out of abundant precaution, yet it is of weight when referred to words of a gift, where the attainment of a specified age is not annexed to the substance of the bequest or the description of the legatee, as was the case in Johnson v. Terry, supra, and Collier v. Slaughter, 20 Ala. 263. Therein is the difference between Mrs. Sumner's will and that construed in Johnson v. Terry, supra. That is, in the Sumner will are used the words, "I give, devise and bequeath * * * in trust" to the trustee named for the beneficiaries designated with certainty—Percy H. Sumner and the after-born children of the testatrix—who were to enjoy testatrix's property from the time of her death to the end indicated, and when deemed necessary by the trustee, the entire property was available for their support, maintenance, education, benefit, or best interest. Ralls v. Johnson, supra; Gunter v. Townsend, supra. This would show that it was not the intent of testatrix to annex time to the substance of the gift or devise, but that its annexation was merely the statement of when the trustee would be freed from his control and the unsupervised and unburdened possession of the trust estate delivered to the beneficiaries. That is to say, every paragraph of Mrs. Sumner's will indicates her intention to provide for the best interest, maintenance, support, education, and well-being of her children (and it may be for the support of the husband for life); but that she did not exclude her children from the present enjoyment of her estate by an intervening, exclusive life estate in her husband. His possession of the trust estate was, in more than a limited sense, the possession and ownership of said children in the properties devised and bequeathed, and made subject to but one future contingency that could work a change of beneficiaries—the death, before the father, of Percy H. or Martin T. Sumner, Jr., leaving a child.

The question presented by the instant will is somewhat like that decided in Toner v. Collins, 67 Iowa, 369, 25 N. W. 287, 56 Am.

---

[1] 205 Ala. 344.

Rep. 346, where the testator devised real estate to his executors in trust for his children, the trustee to have the management and control until the children should marry:

"And when any of my said children shall marry with the consent of said executors any worthy person, then the part or portion of property herein devised, or the proceeds thereof, * * * shall be and become the property of said child so marrying, and my said executors shall make the necessary conveyance thereof, so as to vest absolute title in said legatee."

Held, that the marrying of a child with the consent of the executors was not a condition precedent to the vesting in him or her of an interest in the estate, but only a condition for the termination of the trust as to the one so marrying; and that the children took an immediate vested interest.

Under Mrs. Sumner's will, when Martin T. Sumner, Jr., died without leaving issue, the contingency which might have happened to divest his title could not occur; by the other terms of the will there could be no divestiture of the interest of Martin T., Jr., except in favor of his child or children. Dying while an infant, his interest and estate in the trust property descended to his heirs at law, father and brother. Like observation may be made of the title of Percy H., and of his death intestate (without marriage), leaving his father surviving as his sole and only next of kin.

The will construed in Johnson v. Terry, supra, 139 Ala. 617, 619, 36 South. 775, made time the substance of the gift by its annexation thereto. Of this the court said:

"If the fifth and sixth clauses:

"'Fifth. I direct that my executor trustee shall, upon the happening of the events herein mentioned, divide my estate * * * as my * * * children * * * arrive at the age of twenty-one years. * * *

"'Sixth. I direct that when my youngest child, Lizzie, shall arrive at the age of twenty-one years, my executor and trustee shall again take an inventory, * * * and divide the same * * * between my said child Lizzie, and my wife * * *'

—were construed by themselves, without reference to the seventh:

"'That in the event either of my said children die before attaining the age of twenty-one years, or if my wife should die before the majority of my child, Lizzie, then the share of my estate of such deceased, shall be divided in equal parts between the survivors,'

it may be—but we do now decide that question—the estates contended for testator's children would be construed as vested."

It is only by contrasting these provisions of said several sections of Mr. Johnson's will that we appreciate the observation there made, viz.:

"Referring specially to the seventh clause, which controls the preceding ones, and is the one where the intention of the testator as to the character of the legacy under consideration is manifested—whether vested at testator's death or at a future date—it is seen that he employs the words, 'that in the event either of my said children die before attaining the age of twenty-one years, * * * then the share of my estate of such deceased shall be divided in equal parts between the survivors.' These words, as indicating contingency, are as definite and strong as the words 'if' the legatee 'should live to be twenty-one years of age,' as employed in the will construed in Nixon v. Robbins, supra [24 Ala. 663], where it was said such expressions postponed the vesting of the legacy, unless controlled by the context, until the period at which it is payable. It will be further seen that there are no words in the will of a gift in præsenti, payable in future, indicating that time is mentioned only as a qualifying clause of the payment or division, and not of the substance of the gift."

The condition precedent to the vesting of the estate or legacy under Mr. Johnson's will was the reaching of the age of 21 years, etc. Under Mrs. Sumner's will, the estate was vested in her children at her death, and the probate of her will, and was subject only to be divested by the happening of a subsequent event, which did not happen.

In Travis v. Morrison, 28 Ala. 494, the will construed did not contain the words "give, devise and bequeath" or words of like import; but the provision that "in the event of the marriage of my wife * * * or of either of my daughters, or of the child with which my wife is now pregnant, or upon either of my said children arriving at the age of twenty-one years, then my said executors shall have a division of all my property * * * and assign and give" to her a certain part of testator's estate. In construing this will, the court referred to the rule that the law inclines to regard legacies as vested rather than contingent, and held that from the entire will the intent of the testator was that the bequests were not in præsenti, and that there should not be a gift until one of the contingencies mentioned in the will should occur; and that the court had regard for the fact or circumstance that the testator, by the same will, in plain and unambiguous language, vested a legacy in a child by a former marriage. It was suggested by Judge Stone in Foster v. Holland, 56 Ala. 474, 479, 480, that the decision in Travis v. Morrison, supra, if not "materially shaded" by the apparent hardship of the opposite construction, was distinguishable from the present one, and that the "principles of that decision [construing Travis' will] should not be extended." In the Foster Case the will construed was where the testator had directed his executors to carry on his farming operations until his grandchildren should marry or become of age, "when an equal division of all my estate shall then be made between them, or the survivors;" and directed that the income from the farm should be

used for the support and education of the grandchildren and the sum so expended charged to each distributee on final division. Held, that an expression in the will of a purpose to make testator's grandchildren equal in respect to advancements to their parents, the appropriation of the income to the use of the beneficiary during minority, the fact that the will contained no residuary clause and bequest over, although purporting to dispose of testator's entire estate, showed "a purpose that the legacies should vest at the death of the testator, and only the complete and separate enjoyment was postponed to an after time."

Next to the existence of words of a gift in praesenti, apart from the direction to pay, convey, or divide at a future time, the strongest circumstance tending to show that the gift, to the substance of which futurity is apparently annexed is not contingent upon surviving the time of payment (L. R. A. 1918E, pp. 1115, 1121), "is a gift of the intermediate use to or for the benefit of the legatee." Of the application of this rule to legacies, I have cited authorities. The rule has, however, been applied by Judge Stone, in a case involving the devises of real estate. Foster v. Holland, supra; Ralls v. Johnson, supra; Campbell v. Weakley, supra; Gunter v. Townsend, supra. Cases of real estate differ from those of personal estate, in that it is immaterial whether the intermediate rents and profits are given for the benefit of the devisee or of some third person, as in the latter case the devise may be considered vested upon other ground. Allen v. Watts, 98 Ala. 384, 11 South. 646; Gregg v. Bethea, supra; McLeod v. McDonnel, supra; McLemore v. McLemore, supra; Nixon v. Robbins, 24 Ala. 663; High v. Worley, supra; L. R. A. 1918E, p. 1121n.

In Smaw v. Young, 109 Ala. 528, 538, 539, 20 South. 370, 371, the subject of contingent and vested estates is treated exhaustively. Mr. Justice McClellan quotes from Chancellor Kent, saying:

"It is the present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder." 4 Kent, Comm. 202 (2). "It is not the uncertainty of enjoyment in future, but the uncertainty of the right to that enjoyment, which marks the difference between a vested and contingent remainder." 4 Kent, 206 (3). "That the estate in remainder being fixed in an ascertained person [in Mrs. Sumner's children in the instant case], its capacity of taking effect in possession immediately upon the possession becoming vacant excludes the possibility of contingencies which would prevent a vesting of the estate in right of future enjoyment in such person [that is, in Mrs. Sumner's children. Percy H. and Martin T., Jr.], and this though by reason of his own death prior to that of the tenant for life [that is, by reason of the death of Martin T., Jr., and Percy H. before the death of the trustee], the remainderman might never take in possession and enjoyment at all; or, in other words, the capacity of taking effect in possession if the possession were to become vacant, coupled with the present ascertainment of the person who is designed to take when the possession does become vacant, distinguishes a vested from a contingent remainder; but if there be not only the uncertainty of the future enjoyment, which is incident to all remainders, and has no bearing upon whether they be vested or contingent, but also uncertainty throughout the period of the precedent estate as to who has the present right to such future enjoyment—the uncertainty as to what particular person or persons are intended by the grantor or devisor to take any estate—the estate in remainder is contingent. For whatever capacity the estate may have of taking effect, in possession in the children of B., in the case put, if the possession were to become vacant, it is impossible, so long as A. lives and fills the possession, to say which one or more of these children will survive A.; and no estate of any character is granted to any of them who do not survive A."

Appellant cites Phinizy v. Foster, 90 Ala. 262, 7 South. 836, in which Mr. Justice Clopton did not write of the extent or character, interest or estate, which was taken by Edgar Watkins under the sixth clause of the will of Samuel Watkins, deceased. That clause only being set out provided:

"In the event of my son Edgar dying without issue living at his death, I desire his portion, with the accumulations, to be divided equally among the children of Paul J. Watkins and my daughter Elmira; and in the event of my daughter Elmira dying without issue living at her death, I desire the estate left to her and her children, together with the accumulations, to be equally divided among all my grandchildren and great grandchildren, but great-grandchildren, whose parents are living and able to take under this will, not included in this bequest."

Under the facts disclosed, the court properly held that the estate given the children of Paul J. Watkins was subject to a condition precedent—that testator did not intend that such children should take any interest in his estate unless testator's son Edgar should be "without issue living at his death." As to whether Edgar would die without leaving issue was uncertain; and had the will provided that on Edgar's death (without other conditions) his share in testator's estate should be divided among the children of Paul J. Watkins, then the estate in remainder to said children would have been vested, since the death of Edgar was a natural event which must inevitably occur, and the remainderman would be ascertained. Such was not the provision of that will, for the condition was the event of the death of testator's son "without issue living at his death"—an uncertain event that prevented

the children of Paul J. Watkins having a vested interest in the grandfather's estate.

The Sumner will was different from the Watkins will (construed in Phinizy v. Foster, supra), in the provisions that were, in effect, gifts and devises by testatrix to her sons of the entire beneficial interest in her estate at her death; and that they should have full, unsupervised possession thereof at the death of the trustee husband. As I have indicated, there was the happening of only one event that could have intervened to change the beneficiaries—that of death, leaving issue, at the time of the trustee's death. This was contrary to the provision in the Watkins will, where it was required that Edgar die without issue living at his death. The stipulated event of "leaving child or children" not having occurred before the death of the respective sons, the respective rights to the possession of the estate were not defeated by their death without issue before the death of the trustee and descended by the statute to the father.

Such was the conclusion announced in Pearce v. Pearce, 199 Ala. 491, 496, 497, 74 South. 952, 955, where the definition of remainders was quoted from Phinizy v. Foster, supra, and the illustration of the difference between vested and contingent estates stated as follows:

"In Hawkins on Wills (225) and Thompson's Wills [1916] (section 253) it is pointed out that, when the gift and the time of its payment are distinct, the direction as to the time of payment does not postpone the vesting. Thus, a bequest to A. at 21 and a bequest payable to A. at 21 do not much differ in expression; yet the one is held to be a vested and the other a contingent gift. For the bequest to A. at 21 is contingent on the fact that A. may not reach that age; and a bequest to A. payable at 21 or to be paid at 21 is vested. If A. dies under the age of 21, such vested gift would be subject to his testamentary disposition, or controlled by the statutes of descent and distribution, as the case may be."

It is unnecessary to discuss in detail the other authorities cited by appellant. In High v. Worley, 32 Ala. 709, 712, the will provided:

"It is my wish and desire that all the lands which I own * * * may be held and retained by my executor, for the use and support of my wife and children, * * * until my daughter Fannie Ann shall arrive at the age of sixteen years: then to be sold, and the proceeds equally divided between my wife and children, share and share alike."

Held to create a vested estate in the children. Judge Stone said:

"There is not a qualifying word or clause, which shows that time was made of the substance of the gift. The whole property was dedicated to the use and support of testator's wife and children, until Fannie Ann should attain the age of sixteen. Then it was to be sold and divided between his wife and children, share and share alike."

That case relies upon the decision in McLeod v. McDonnel, supra, in which the will construed provided that all of testator's property be retained and continued together until his "youngest child may have arrived at lawful age; at which time, all the * * * property * * * to be equally divided among all my lawful heirs." Held, that the widow took an absolute vested interest.

The case of Continental Life Insurance Co. v. Webb, 54 Ala. 688, cited by appellant, is without application. It was a suit to determine who were beneficiaries under a policy of life insurance, in which the company had obligated itself to pay the wife of assured the amount of the policy if she survived him, or in event he survived her, to her children. Held, that it contained two distinct covenants for the payment of the insurance money: (1) For payment to the wife; (2) for payment to the children, in event the wife did not survive the insured; that the children could not take under the policy if the wife were in being and capable of taking when the insurance money became payable. Such are the principal authorities on which appellant must rest her case.

The fundamental difference we are dealing with is that declared to exist between a testamentary gift in remainder to such of several named persons "as may be living" at the termination of a given trust or life estate, and a gift to such persons, "or as many as may be living" at that time. In the former the gift is regarded as one to persons whose identities are left for future ascertainment and whose existence at such future time, individually or by representative of the group, is also uncertain; such gift does not vest during the continuance of the life estate. In the latter case the gift, made in language of present operation, is to persons then in existence, while the alternative gift is dependent upon "future contingencies which may arise during the continuance of the intervening estates, * * * but only in a substitutionary way;" and therefore the estate vests in point of interest or right at the death of the testator in all the then existing beneficiaries "subject to be divested, as one or more of them may die, in favor of those who survive the life tenant. If none survive him, the contingency in which the estate was to be divested has not occurred, and the interest of the original legatees, having once vested in them, passes on to their respective legal representatives. White v. Smith, 87 Conn. 663, 89 Atl. 272, L. R. A. 1917D, 596. See general authorities collected in notes to L. R. A. 1917D, 601 et seq; Gray's The Rule Against Perpetuities (2d Ed.) p. 81, § 108.

In our case of Acree v. Dabney, 133 Ala. 437, 32 South. 127, the testator had devised

the lands to his wife for life, stipulating that "after her death" said lands were to be equally divided between his "children which may then be surviving." Held, that the wife took a life estate in the land and each of the children of the testator took a vested remainder, subject to be divested only by the survivorship of one or more of such children after the falling in of the life estate. This was under the rule of Kumpe v. Coons, 63 Ala. 448; Smaw v. Young, supra; Thorington v. Hall, 111 Ala. 323, 21 South. 335, 56 Am. St. Rep. 54, and our definition of vested estates in remainder subject to be divested, which at common law would have been held to be contingent. The solution of such question will—

"depend upon whether the element of contingency is incorporated into the description of or into the gift to the remainderman, in which case the remainder is contingent; or whether it is merely annexed to the gift in the character of a condition subsequent, in which case the remainder is vested subject to be devested by the operation of the contingency." Kumpe v. Coons, supra; Acree v. Dabney, supra; Crawford v. Engram, supra; Blakeney v. Du Bose, 167 Ala. 627, 52 South. 746; Duncan v. De Yampert, supra; Pearce v. Pearce, supra; Gindrat v. W. Ry. of Ala., 96 Ala. 162, 170, 11 South. 372, 19 L. R. A. 839; Boykin v. Pace, 64 Ala. 68; Thorington v. Hall, supra; Duffield's Case, 1 D. & C. 268, 311, 312; L. R. A. 1917D, 603, note.

That is to say, a devise to one person, with a limitation over upon the death of the first devisee without issue, gives the first devisee a qualified or defeasible estate or determinable fee—a vested estate, however, that is subject to be divested by his death without issue; in which event a limitation over to the second devisee will take effect as an executory devise. The failure of issue must be definite, such as dying without issue before reaching a certain age, or dying without issue prior to the death of some other person or persons indicated. Newsom v· Holesapple, 101 Ala. 682, 15 South. 644; Goldsby v. Goldsby, 38 Ala. 404; Edwards v. Bibb, 54 Ala. 475, 479; 4 Kent, Comm. 9; 40 Cyc. 1591, 1602; 49 C. D. 1850, 1877, 1891.

Analogous authorities are those declaring whether descendants or devisees take a remainder by implication at the death of their ancestor. It is settled in this jurisdiction that a fee given in apt terms by a will, to the primary devisee, will not be cut down to a life estate for the purpose of letting in such a remainder by implication—

"since it would be a violation of the intention of the testator to give the descendants anything as against their progenitor; and because the implication in such case is wholly unnecessary, it being within the power of one who takes absolutely to provide for his descendants."

In Goldsby v. Goldsby, supra, where a testator devised lands and slaves to each of his children, adding:

"All of the above property is given and bequeathed to my children and the heirs of their body, and for their proper benefit and use, and not to be disposed of by the husbands of my said daughters Eliza and Elizabeth, and to revert to my family in all cases where my children may die without issue. This item is merely intended to entail the property given to my sons, as far as can be done consistently with the laws of the county"

—it was held that the provision quoted did not create a remainder in favor of the children of a son; but that the son took a fee qualified as to the executory devise over in the event of his dying without issue, but pure and absolute as to his heirs or the heirs of his body; and that, as he did not die without issue, his death consummated his title discharged of the contingent estate, and gave to his heirs a fee simple absolute, not by virtue of a remainder created by the will, but by inheritance from their ancestor.

In Lee v. Shivers, 70 Ala. 288, testator devised lands to his son—

"to have and to hold the said described lands to him, the said R. H. Lee, and to his heirs and assigns forever, together with all the appurtenances thereunto belonging."

In a subsequent item of the will he provided:

"It is my will and desire that, if my sons, or either of them, named in this will, should die without children or a child; or if they, or either of them, should die leaving children, or a child, and such children or child should die without a child or children, then, and in that event, the real estate and the slaves given to my said sons by this will, or such of them as may die without children or a child, or having died leaving children or a child, and such children or child shall die without a child or children, shall go to the surviving brothers of said sons, or their children."

It was held that, as the language of the disposing clause, taken alone, would create a fee-simple estate in the son, the effect of the subsequent provision was simply to convert this interest into a qualified or determinable fee, with a limitation over by way of executory devise, and therefore that a child of the son took nothing under the will by implication.

In English v. McCreary, 157 Ala. 487, 48 South. 113, the testator provided that the respective shares given to his several daughters "are given to them and their bodily heirs, or the lawful heirs of their bodies" (which clause, if it stood alone, would have created a fee tail, which a statute would have converted into a fee simple), and further provided:

"Should any of my youngest children die before having or leaving any heir, then their

shares to be divided between the remainder or surviving part of said four younger children."

It was held that the latter clause did no more than postpone the vesting of the fee until the having of a child, and therefore that the title taken by the grantee of a daughter was good as against her children. 51 L. R. A. (N. S.) 489; 15 L. R. A. 232, note.

In Newsom v. Holesapple, supra, where a testator gave to his grandson certain property, with the condition that, if the grandson should die leaving no legitimate issue at his death, then the property should go to another named devisee, it was held that the grandson took a conditional fee, defeasible on his dying without issue; and, on his death without issue, the latter devisee, the contingent remainderman, became entitled to the property devised, for the property of which he might maintain an action of ejectment.

Under the influence of controlling authorities, the words "shall be given to my said son Percy H. Sumner and other children then living," as used in section 5 of item 1, when interpreted by the four corners of Mrs. Sumner's will, can only mean that the full possession of the estate or property "shall be delivered," and the word "then" in said section refers, not to the time of the vesting of the interest or estate in the children of testatrix but to the time of its full possession, freed from the control of the trustee, after expiration of the "equitable arrangement" made for them by their mother during their infancy and inexperience of young manhood. Weil v. Hill, 193 Ala. 407, 69 South. 438; Gunter v. Townsend, 202 Ala. 160, 166, 79 South. 644; Thompson on Wills, § 254; Toner v. Collins, 67 Iowa, 369, 25 N. W. 287, 56 Am. Rep. 346; Daniels v. Eldredge, 125 Mass. 356; Duffield's Case, supra, p. 312; Doe ex dem. Poor v. Considine, 73 U. S. (6 Wall.) 458, 18 L. Ed. 869, 876; L. R. A. 1918E, p. 1098.

There is ancient and pre-eminent authority for this construction of devises in wills. Lord Eldon, expressing the hope that Duffield v. Duffield (volume 1, Dow & Clark's Rep. 268, 311, 312, 318) would "be a leading case," said:

"The judges, from the earliest times, were always inclined to decide that estates devised were vested; and it has long been an established rule for the guidance of the courts of Westminster, in construing devises, that all estates are to be holden to be vested, except estates in the devise of which a condition precedent to the vesting is so clearly expressed that the courts cannot treat them as vested without deciding in direct opposition to the terms of the will. If there be the least doubt, advantage is to be taken of the circumstances occasioning the doubt; and what seems to make a condition, is holden to have only the effect of postponing the right of possession. To accomplish this purpose, a distinction has been made between the adverbs if and when, to

which the learned of our language, not in the profession of the law, would perhaps not agree; upon this distinction, however, many equitable arrangements of property have been made; upon this distinction the titles of many estates depend; and it will therefore be the duty of the judges to observe it." Stephens v. Stephens, Cases temp. Talbot (1734–38) 228.

At an early date Mr. Justice Swayne covered much of the law of wills, in the statement as follows:

"It is a rule of law that estates shall be held to vest at the earliest possible period unless there be a clear manifestation of the intention of the testator to the contrary;" that "adverbs of time—as where, thereafter, from, etc.—in a devise of a remainder, are construed to relate merely to the time of the enjoyment of the estate, and not the time of the vesting in interest." Doe ex dem. Poor v. Considine, supra.

Such rule of construction was applied in Johnson v. Washington Loan & Trust Co. (1912) 224 U. S. 224, 32 Sup. Ct. 421, 56 L. Ed. 741, where a will contained a clause expressing the desire that the homestead be kept as such for testator's daughters "so long as they shall remain single and unmarried," and directed that after—

"the death of my wife [I] will and devise the said estate to my said daughters being single and unmarried and to the survivor and survivors of them so long as they shall be and remain single and unmarried and on the death or marriage of the last of them then I direct that the said estate shall be sold by my executors and the proceeds thereof be distributed by my said executors among my daughters living at my death and their children and descendants (per stirpes), * * * and on such sale as aforesaid by my executors I earnestly enjoin on my sons or some of these sons to purchase the said homestead that it may be kept in the family."

Mr. Justice Hughes said that—

"At the time of the death of the testator, his five daughters were living, and none of them had children or descendants. By the definitive language of the clause, these daughters were then ascertained and identified as those entitled to the immediate enjoyment of the property on the termination of the preceding estates. They, therefore, had a vested remainder in fee." Croxall v. Sherrerd, 5 Wall. 268, 288, 18 L. Ed. 572, 579; Doe ex dem. Poor v. Considine, 73 U. S. 458, 18 L. Ed. 869, 874, 875; Cropley v. Cooper, 19 Wall. 167, 175, 22 L. Ed. 109, 113; McArthur v. Scott, 113 U. S. 379, 380, 5 Sup. Ct. Rep. 652, 28 L. Ed. 1015, 1027; Hallifax v. Wilson, 16 Ves. Jr. 168, 171, 10 Revised Rep. 146.

The general authorities are collected and discussed by Mr. Thompson (On Wills, § 254), who says:

"Words or phrases of futurity, such as 'when,' 'then,' and 'from and after,' in a devise of a remainder limited upon a particular estate, determinable on an event which must nec-

essarily happen, are construed to relate to the time of the enjoyment of the estate, and not to the time of its vesting."

So it has been held that—

"A gift of real estate to a devisee 'at' a given age or marriage, 'when' or 'as' he shall attain, or 'upon' or 'from and after' he attains a given age, passes to such devisee an immediate vested estate, not defeasible in the event of his death under the specified age." Austin v. Bristol, 40 Conn. 120, 16 Am. Rep. 23; Roome v. Phillips, 24 N. Y. 463.

The use of these words with reference to devises of real estate is thus stated by Mr. Thompson:

"A devise of real estate to A. 'if,' or 'when,' he shall arrive at a certain age, with limitation over in the event of his death before attaining that age, the attainment of the given age is held to be a condition subsequent, and not precedent, and A. takes an immediate vested estate, subject to be divested upon his death before arriving at the specified age. Roome v. Phillips, supra; Kelso v. Cuming, 1 Redf. (N. Y.) 392. And if the devise be to A. 'if' or 'when' he shall attain a given age, with a limitation over upon his death or under that age without issue. A. takes a vested estate, defeasible only in the event of his death without issue under the specified age. Phipps v. Ackers, 9 Cl. & F. 583; Holtby v. Wilkinson, 28 Grant Ch. (U. C.) 550. If the devise be to A. 'at,' 'upon,' or 'from and after,' attaining a given age, with the gift over, the rule is the same. The provision for the gift over is held to show testator's intention that the gift to A. is to vest at once, subject to be divested upon his death before reaching the specified age."

No one can read the will of Mrs. Sumner without being impressed by every provision thereof that the primary object of her bounty was the support, maintenance, education and general welfare and benefit of her children, under the management and control of the husband and father, who was given large discretionary powers to that end. If it be conceded, for the sake of argument (and which is not decided) that it was a secondary intent of testatrix that her estate be subjected to or charged (by implication) with the support and maintenance of the husband for life, the result would not be different. Fawlkner v. Fawlkner, 1 Vern. 21, 25 Eng. Rul. Cas. 668; Ralph v. Carrick, 11 Ch. Div. (1870) 873; 17 R. C. L. § 14, p. 625; 2 Alexander's Comm. on Wills, p. 1402 et seq.; 1 Underhill on Wills, § 466; Simmons v. Augustin, 3 Port. 69, 91. Whatever may be the nature or effect of the will (by implication as to the husband), its primary object is so clearly expressed as to vest the property or subject it to the use and benefit of the children of testatrix from the time of the due probate of the will, subject to be divested only by the one future contingency provided for. That is to say, it is immaterial whether or not a charge was imposed, in the nature of a joint use and benefit of father and children during the life of Mr. Sumner. Since the "equitable arrangement" made by testatrix in her will and the trust created in her property were for the primary benefit of her children, they were such as to vest the real and personal property of testatrix, and that interest was not thereafter divested by the happening of the contingency against which provision was made.

Conceding, for the sake of argument, that testatrix intended to create a trust for accumulation only, during the life of the trustee, and that her realty was governed by the rule against perpetuities obtaining in Alabama (Code, § 3417), and her personalty by the rule of the common law as modified by Code, § 3410 (Pearce v. Pearce, supra, 199 Ala. pp. 504–506, 74 South. 952), no reason intervened to prevent the father from inheriting under the statute of descents and distribution at the respective deaths of his sons. For—

"The tendency of the courts being to construe limitations as vested, the arrival of the period fixed for, or needed for, the accumulation will not be deemed a condition precedent to the gift of the accumulated fund, unless the language employed requires such a construction." Gray's Rule against Perpetuities (2d Ed.) § 673.

After all that may be said, when a trust has been created, as here, it should be large enough to enable the trustee to accomplish the objects of its creation, and when it is satisfied the estate of the trustee as such ceases to exist. Potter v. Couch, 141 U. S. 296, 11 Sup. Ct. 1005, 35 L. Ed. 721; Doe ex dem. Poor v. Considine, supra; Webster v. Cooper, 14 How. 488, 497, 14 L. Ed. 510. The will does not, expressly or by implication, give the husband a life estate to the exclusion of his children; nor is it indicated that the trust was for accumulation only, its primary object being for the benefit and best interest of the children of testatrix; and the duty was nowhere imposed upon the trustee of making a division of the estate among said children, for the obvious reason that the estate was vested in them as the beneficiaries by express terms of the will. 23 R. C. L. § 82, p. 536. It follows that the interest or estate in said properties vested in the children of testatrix, was distributed on the death of said children, without issue and intestate, according to the provisions of the statute of descents and distribution of force at the time of the respective deaths of said children, to wit: Chapter 35, § 1453 et seq., Code 1986; chapter 74, section 3754 et seq., Code 1907.

The decree of the circuit court, being free from error, should be affirmed.

GARDNER, J., concurs in the foregoing views.