## Smith *v.* Greer.

*Bill in Equity by Children, claiming as Purchasers, for Partition of Lands, and Account of Rents.*

1. *Bequest to daughter "and the heirs of her body, or issue."*—A bequest of slaves to the testator's daughter, in a will executed in 1854, to her "and the heirs of her body, or issue," followed by a devise, in the same clause, of a tract of land to her without any qualifying words, and a bequest of all notes and debts held by the testator against her husband, vests the absolute property in the daughter, under statutory provisions (Code of 1852, § 1300; Code, 1886, § 1825), as well as at common law.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 9th July, 1889, by Mrs. Mary E. Smith and others, children of Mrs. Cynthia (or Syntha) Ricks, deceased, against Joseph Greer; and sought the recovery of a tract of land, which the defendant had bought from Mrs. Ricks, a sale of it for partition among the complainants, and an account of the rents and profits after the death of Mrs. Ricks. Mrs. Ricks was a daughter of Joshua Caldwell, who died in the year 1854, in said county, and whose last will and testament was there admitted to probate on the 10th July, 1854. The fifth item of said testator's will was in these words: "I give and bequeath to my daughter, Syntha Ricks," several negroes specified by name, "with their increase; which negroes I give to my daughter, Syntha Ricks, and the heirs of her body, or issue. I also give to my said daughter, Syntha, a tract or parcel of land, known as the west half of the north-west quarter of section 27, township 21, range 25; also, all the notes,

[Smith v. Greer.]

accounts and debts that I· have paid for Gideon Ricks, her husband." The complainants claimed that, under this clause of the will, Mrs. Ricks took only an estate for life, with remainder to her children; and they alleged that, soon after receiving possession of the negroes, she sold or exchanged them with one Whatley for a tract of land, which she after-wards sold, together with the tract devised to her by the will, to the defendant; and that both Whatley and the defendant bought with notice of complainants' rights. Mrs. Ricks died on the 20th December, 1880.

The chancellor sustained a demurrer to the bill for want of equity, on the ground that the will vested an absolute estate in Mrs. Ricks; and his decree is here assigned as error.

J. M. & E. M. OLIVER, for appellants, cited 2 Jarman on Wills, 4th Amer. ed., 240, top; 2 Bouv. Inst. 224–5, §§ 1760, 1707; 2 Redf. Wills, 35–38; *Williams v. McConico,* 36 Ala. 24–38; *Mason ,v. Pate,* 34 Ala. 379; *Dean v. Hart,* 62 Ala. 308; *Robinson v. LeGrand,* 65 Ala. 111; *May v. Ritchie,* 65 Ala. 602; *Smith v. Daniel,* 16 Amer. Dec. 641.

N. D. DENSON, *contra,* cited *Ewing v. Standefer,* 18 Ala. 400; *Powell v. Glenn,* 21 Ala. 458; *Lenoir v. Rainey,* 15 Ala. 667; *Darden v. Burns,* 6 Ala. 362; 4 Kent's Com. 283; *Huffman v. Huffman,* 26 Ala. 535; *Alston v. Coleman,* 7 Ala. 795; *Martin v. McRee,* 30 Ala. 116; Code, § 1825.

SOMERVILLE, J.—The errors assigned are based on the action of the chancellor in sustaining the demurrers to the bill. The rulings involve a construction of the *fifth* item of the last will of Joshua Caldwell, the testator, who died in the year 1854, said will having been executed March 25th, 1852, and probated July 10th, 1854. The equity of the bill, as is admitted, is dependent upon the contention, that Mrs. Syntha Ricks, the testator's daughter, who was named as the devisee in this clause of the will, took only a *life-estate* in the property therein described. There is no ground upon which it can be claimed that there is any qual-ification of the title to *the land* described in the fifth item. The interest conferred in this part of the property is a fee-simple interest.

And it is equally evident that the words used in reference to the *personal property*—which is bequeathed to Mrs. Ricks *"and the heirs of her body or issue"*—are such as would

at common law have created an *estate-tail*, had it been used in reference to land, for there was at common law no estate-tail in a personal chattel.   Words intended to create such an estate in personalty vested in the taker the absolute property. 1 Wash. Real Prop. (5th Ed.), .p. 106, § 29; *Powell v. Glenn*, 21 Ala. 458.   Estates-tail are conditional fees, being "estates of inheritance, which, instead of descending to heirs generally, go to the heirs of donee's body, which means his lawful issue, his children, and through them to his grandchildren, in a direct line, so long as his posterity endures in a regular order and course of descent; and upon the death of the first owner without issue, the estate determines." 1 Wash. Real Prop., 99; Tiedeman on Real Prop., § 46.   To create an estate-tail, it is only necessary to use words of *limitation*, or, as sometimes said, of procreation, which indicate an intention to confine the estate to the lineal "descendants," "isssue" or "seed" of the first grantee.   Such words are used in contradistinction to words of *purchase*, which denote the particular person who is designated to take the estate.   The usual form of limitation is to one and "the heirs of his body;" but other words, of similar import, are sufficient.   Under all the authorities, the words to one and *"the heirs of his body, or issue,"* when used in a will, would be words of limitation creating an estate-tail, not words of purchase.   The two phrases, indeed, "heirs of the body" and "issue," are generally regarded as synonymous in signification, although the former is regarded as more strict and technical.—*Simmons v. Augustin*, 3 Port. 69(1836); *Lloyd v. Rambo*, 35 Ala. 709; *Young v. Kinnebrew*, 36 Ala. 97; *Ewing v. Standefer*, 18 Ala. 400; 1 Brick. Dig. p. 786, § 12, and cases cited; 1 Wash. Real Prop. (5th Ed.), *72–*78; *Kay v. Scates*, 78 Amer. Dec. 399.

Such being the case, the statute, independently of the common-law rule, would convert the fee-tail estate into a fee-simple, under the provisions of the act of 1812, which was codified in section 1300 of the Code of 1852, and is now embraced in section 1825 of the present Code.   This section expressly provides, that "every estate in real or *personal property* in fee-tail, now or hereafter created, *becomes an estate in fee-simple*; and the person in whom such a conditional fee vests, has the same power over the estate as in case of pure and absolute fees."—Code, 1886, § 1825.

The demurrers to the bill were properly sustained, and the decree is affirmed.