(107 So. 838)
**GILCHRIST et al. v. BUTLER et al.**
(8 Div. 837.)

(Supreme Court of Alabama.  March 18, 1926.)

1. Wills  ⊂⇒439—Greater latitude of construction to determine intent must be indulged in, where will appeared to have been drawn by person unskilled in use of technical terms, than where drawn by person acquainted with effect of legal terms.

Where will appeared to have been drawn by a person unskilled in use of technical terms, greater latitude of construction must be indulged in, in order to effectuate true intention of testator, than where instrument appears to have been drawn by one acquainted with force and effect of legal terms.

**2. Wills** ⟂**607(1)—Under devise to devisee and children, children took nothing where they were not in esse at time of devise; estate being converted into fee by statute (Code 1923, § 6901).**

Where will devised certain property to J. and his children, children of J. took nothing by the will, where it appeared that J. at the time of the devise had no children; Code 1923, § 6901, converting common-law estate tail thus created into a fee in the first taker.

**3. Wills** ⟂**439—Established rules of interpretation should not be disregarded in absence of peculiarities of will evincing necessity for doing so to give effect to donor's intention.**

It is not permissible to disregard established rules of interpretation, in the absence of peculiarities in the instrument itself evincing the necessity for doing so, in order to give effect to the donor's intention.

**4. Wills** ⟂**607(1) — Devise to devisee, "to himself," held not to prevent application to another devise of common-law rule that devise to one and his children created estate tail, which is converted into unqualified fee, where devisee had no children at time of devise.**

Where will devised to J. and his children certain property in Alabama, and in concluding clause of same item devised land in Tennessee "to himself," evidently intending to vest a fee in his devisee, such latter devise "to himself," meaning J., did not prevent application of rule as to first devise, that a devise to one and his children created estate tail, which was converted into unqualified fee, where it appeared that devisee had no children at time of devise.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action of ejectment by Will Gilchrist and James Gilchrist against Annie E. Butler and W. Z. Butler. From a judgment for defendants, plaintiffs appeal. Affirmed.

The pertinent portions of the will involved are as follows:

"Item third. I will to my beloved wife Nancy A. Gilchrist the following, to wit: Polly, a negro woman and her children, Elmira & her children, Caroline and her children and Becca and children and the Carney & Hayes notes, also my dwelling house and out houses, where I now live, with the northeast quarter of section six, & forty acres in the southeast corner of the northwest quarter of section six, township five of range seven west, the house and land with timber sufficiently for fuel and fencing, is only given during her life, and at her death goes to John A. Gilchrist, our youngest son.

"Item fourth, I give and bequeath to my two beloved sons Malcomb J. and Phillip P. Gilchrist, division three & four of lands in Alabama, as in this described, together with division three & four of negroes to themselves and children, after them, and all the lands described in division three & four in any part of the state of Tennessee, & Madison county, Alabama, to themselves.

"Item fifth, I will and bequeath to my beloved daughter Catherine M. E. Gilchrist, and body heirs, all that land in division first of land in Alabama and all negroes described in division first, and the land described in division first in Tennessee and Mississippi, to herself."

R. C. Brickell and R. E. Smith, both of Huntsville, for appellants.

Courts will give effect to the intention of the testator, when that intention can be derived from the language of the will. Williams v. McConico, 36 Ala. 22; May v. Ritchie, 65 Ala. 602; Slayton v. Blount, 9 So. 241, 93 Ala. 575; Rutland v. Emanuel, 80 So. 107, 202 Ala. 269; Leavens v. Butler, 8 Port. 380; Castleberry v. Stringer, 57 So. 848, 176 Ala. 250; Jemison v. Brasher, 81 So. 80, 202 Ala. 579; Cook v. Williams, 81 So. 579, 202 Ala. 638; Spira v. Frenkel, 97 So. 104, 210 Ala. 27; Achelis v. Musgrove, 101 So. 670, 212 Ala. 47. Under this will, John A. Gilchrist took a life estate only in the property involved. Campbell v. Noble, 19 So. 28, 110 Ala. 382.

Almon & Almon, of Albany, E. W. Godbey and Wert & Hutson, all of Decatur, and R. T. Goodwyn, of Montgomery, for appellees.

The law favors that construction which creates a fee. Montgomery v. Wilson, 66 So. 503, 189 Ala. 209; Winfree v. Winfree (Tex. Civ. App.) 139 S. W. 36. Item 6 of the will devises a fee to John A. Gilchrist, there being no children in esse at the time the devise came into effect. Moore v. Lee, 17 So. 15, 105 Ala. 435; Shuttle v. Barker, 60 So. 157, 178 Ala. 366; Knight v. O'Brien, 80 So. 824, 202 Ala. 440; Dallas Comp. Co. v. Smith, 67 So. 289, 190 Ala. 423. The law presumes that a testator means the natural import of his language. McAllister v. Hayes, 79 A. 726, 76 N. H. 108; Harkness v. Lisle, 117 S. W. 264, 132 Ky. 767.

SAYRE, J. This appeal involves the construction of one item of the last will and testament of Daniel Gilchrist, who died in the winter of 1854–55. The will had been executed in 1851. On the dates mentioned, John A. Gilchrist had no children—he had never married. The point of difference is located in item 6 of the will reading as follows:

"Item sixth, I will and bequeath to my youngest and beloved son, John A. Gilchrist, and his children, all the lands that are described in division second, in Alabama, and all the negroes in division second reserving to his mother a lifetime estate in part of the Alabama division as heretofore specified. The land described in Middle Tennessee and western district to himself."

The will contained schedules of testator's property in Alabama and Tennessee, which are by testator referred to as divisions. The

report of the case reproduces items third, fourth, and fifth of the will, to which the briefs refer. The lands in suit are a part of the lands described in the sixth item of the will as in "division second in Alabama." Appellants, plaintiffs in the trial court, claimed in their right as children and heirs at law of John A. Gilchrist, who died in 1915, less than 10 years before this suit was brought. Appellees, through mesne conveyances, deraigned title from John A., who conveyed, in 1859 and 1886, to G. T. and W. T. Kyle. The facts were not in dispute.

[1] Obviously, the document in question was drawn by a hand unskilled in the use of technical terms, and it is to be conceded that greater latitude of construction must be indulged than in cases where the instrument appears to have been drawn by one acquainted with the force and effect of legal terms—this to the end that the true intention of the testator may be made effectual. Porter v. Henderson, 82 So. 668, 203 Ala. 314; Montgomery v. Wilson, 66 So. 503, 189 Ala. 212; May v. Ritchie, 65 Ala. 603.

In the brief for appellants, stress is laid upon the fact that testator, when disposing of the land in controversy (disposed of in the fore part of the sixth item of the will), gave it to "John A. Gilchrist and his children," whereas, in the concluding clause of the same item he devised land in Middle Tennessee "to himself" (meaning John A.), thereby evidently intending to vest a fee in his devisee. A somewhat similar method of devise is shown by item 4, and the language of the fifth item is also referred to as evidencing a discrimination by testator between a devise to his daughter "and her body heirs" and a devise "to herself"—meaning to his daughter in fee. Looking to the will as a whole for what light such inspection may shed upon each of its segregate parts, and conceding, without deciding, because for one thing, we are not informed as to facts necessary to an intelligent construction of those items, that items 4 and 5 created estates in remainder in the "children" in one case—this mainly by reason of the use of the words "after them"—and in the "body heirs" in the other, still we are unable to see our way to that construction of the sixth item which would vest in John A. Gilchrist a life estate only, with remainder in fee to his children then unborn.

[2, 3] Under the doctrine of Wild's Case, 6 Coke Rep. 17; 10 Eng. Rut. Cas. 773, it is clear that the children of John A. took nothing by the will (Shuttle & Weaver Land Co. v. Barker, 60 So. 157, 178 Ala. 372; Vanzant v. Morris, 25 Ala. 285), because John A., at the time of the devise, had no children. The statute converted the common-law estate tail thus created into a fee in the first taker. Code 1923, § 6901. It is true, as stated in Williams v. McConico, 36 Ala. 29, that, in such cases, notwithstanding the rule adverted to, slight indications in the context have frequently been thought sufficient to justify a holding that the parent shall take for life, with remainder to his children, especially where, in a devise of land, there are children in esse at the time; but a devise to A. and his children, without more, A. having no children at the time, has never, in this state, been held to create any interest in after-born children as purchasers, and "thus the cases have established, it should seem, that a devise to a man and his children, he having none at the time of the devise, gives him an estate tail." 2 Jar. on Wills (6th Ed.) p. 385: Shuttle & Weaver v. Barker, supra, and cases there cited. But, the books further say, and perhaps this is but another form of the rule heretofore stated on the authority of Williams v. McConico, that it is not permissible to disregard established rules of interpretation in the absence of peculiarities in the instrument evincing the necessity for so doing in order to give effect to the donor's intention. Rosenau v. Childress, 20 So. 95, 111 Ala. 220.

[4] Without laying exaggerated stress on technical rules, we have sought to ascertain testator's intention from the instrument he prepared to govern the devolution of his estate. We have referred to the "slight indications" which in the case of this will are urged as sufficient reason for departing from the well-settled rule to which we referred in Shuttle & Weaver v. Barker, as sufficient reason for holding that John A. Gilchrist took an estate for life only. On the other hand, we note, as a circumstance of some importance, the fact that both items 3 and 6 afford evidence that testator was not at a loss in those instances at least for plain and adequate language by which to create an estate for life, with remainder over when that was his purpose. Montgomery v. Wilson, 66 So. 503, 189 Ala. 213. Upon the whole we can find no sufficient reason why the devise of lands in Middle Tennessee "to himself"—meaning John A. Gilchrist—should prevent the application to another devise, even though in the same item, of the long-settled rule of the common law by which a devise to one and his children, he having no children at the time, was held to create an estate tail, but which, by our statute, is converted into an unqualified fee.

We have accepted the doctrine of the cases cited by appellants (Williams v. McConico, 36 Ala. 22; May v. Ritchie, 65 Ala. 602; Slayton v. Blount, 9 So. 241, 93 Ala. 575; Campbell v. Noble, 19 So. 28, 110 Ala. 382; and Rutland v. Emanuel, 80 So. 107, 202 Ala. 269), viz.: That the courts must not be too technical in the construction of technical terms when employed by persons not skilled in the use of such terms; but, further than that, they may without difficulty be differentiated from the case under consideration.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.