### CLARK v. CAMMACK.    (8 Div. 963.)

Supreme Court of Alabama.    June 9, 1927.

1. Deeds ⊙⟩127(2)—Deed conveying land to grantee and heirs of body without other description of estate conveyed held to pass fee-simple title to first taker (Code 1923, § 6901).

Deed conveying described land to grantee and the heirs of her body forever without other words descriptive of the persons to take or the nature of the estate conveyed, *held* to convey fee-simple title in the named grantee, her child living at the date of the deed being without interest therein, under Code 1923, § 6901, which converts an estate tail into a fee-simple estate in the first taker.

2. Deeds ⊙⟩127(1)—"Heirs of body" cannot be construed to mean living child in deed furnishing no means of interpretation other than legal meaning of language.

The terms "heirs of the body," in a deed conveying land to one and the heirs of her body forever, cannot be construed to mean children, so as to let in as a tenant in common or a remainderman a child living at the time of the grant, where the instrument furnishes no means of interpretation other than the legal meaning of the terms.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Heirs of the Body.]

3. Deeds ⊙⟩93—Unskillfulness in draftsmanship is to be considered in determining intention of deed.

Unskillfulness in draftsmanship disclosing a lack of knowledge of the meaning of legal phrases is to be considered in connection with the language of the entire deed to determine the intent.

4. Deeds ⊙⟩127(2)—Construction of deed coming directly within law of estates tail would not be affected by fact that acknowledgment was in Tennessee form (Code 1923, § 6901).

Construction of deed coming directly within the law of estates tail at common law converted by Code 1923, § 6901, into a fee-simple estate in the first taker, would not be affected by the fact that the acknowledgment, purporting to have been made in Tennessee, was in Tennessee form, since, presuming the common law there to be in force, the intention to create an estate tail was implied.

⊙⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Colbert County; Charles P. Almon, Judge.

Bill to quiet title by William Cammack against Warren Hilliard Clark. From a decree overruling a demurrer to the bill, respondent appeals. Affirmed.

John E. Deloney, Jr., of Tuscumbia, for appellant.

The deed was drawn by a person in another state and evidently unfamiliar with the laws of this state, as shown by the place of execution and the acknowledgment not being in Code form. Therefore a greater latitude of construction should be indulged by the court. Sullivan v. McLaughlin, 99 Ala. 60, 11 So. 447. The words "heirs of the body," when exclusively used, may be construed as words of purchase. May v. Ritchie, 65 Ala. 602; Dunn v. Davis, 12 Ala. 135. Such words may be used to designate the children of the grantee. Thompson on Real Property, § 697. The deed exhibited vested title in the appellant and his mother jointly. Wikle v. McGraw, 91 Ala. 631, 8 So. 341; Fellows v. Tann, 9 Ala. 999; Powell v. Glenn, 21 Ala. 458; Williams v. McConico, 36 Ala. 22; Robertson v. Johnston, 36 Ala. 197.

Arthur L. Shaw, of Tuscumbia, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J. The bill is framed under the statute to quiet title to lands. Code of 1923, § 9905. It contains all the statutory averments and prayer, but proceeds to further set forth the title of complainant and that claimed or reputed to be owned by respondent. A demurrer challenges the title in fee asserted by complainant. The appeal is from a decree overruling the demurrer.

[1] The case made by the bill is briefly this: In 1922 Mrs. Martha O. Cammack, upon a recited consideration of $1 and other good and valuable considerations, conveyed by deed two lots in Tuscumbia, Ala., to her daughter "Martha Louise Cammack Clark and the heirs of her body forever." The same language is employed in the granting clause, the habendum clause, and covenants of warranty. No other words descriptive of the persons to take, nor the nature of the estate conveyed, appear in the conveyance. At the time the deed was made, Mrs. Clark had one infant son, Warren Hilliard Clark, the respondent. In 1926 she conveyed a portion of one of the lots by warranty deed to the complainant, William Cammack. The aim of the suit is to determine whether Mrs. Clark took a fee under the deed from her mother, or whether her child took an interest in the property.

In our opinion the case comes directly within the law of estates tail at common law, converted by our statute into a fee-simple estate in the first taker. Code, § 6901; Gilchrist v. Butler, 214 Ala. 289, 107 So. 838; Shuttle & Weaver v. Barker, 178 Ala. 372, 60 So. 157; Slayton v. Blount, 93 Ala. 575, 9 So. 241; Smith v. Greer, 88 Ala. 414, 6 So. 911; Young v. Kinnebrew, 36 Ala. 97; Rosenau v. Childress, 111 Ala. 214, 20 So. 95.

[2, 3] We accord full authority to the line of cases wherein "heirs of the body" have been read to mean children, so as to let in children living at the time of the grant as tenants in common, or to take in remainder as the case may be. Such construction must always find support in other terms or provisions of the deed or will. Unskillfulness in the draftsman disclosing a lack of knowledge of the meaning of legal phrases is to be considered in connection with the language of the entire instrument to ascertain the intent. Sullivan v. McLaughlin, 99 Ala. 60, 11 So. 447; Wikle v. McGraw, 91 Ala. 632, 8 So. 341; May v. Ritchie, 65 Ala. 602; Williams v. McConico, 36 Ala. 22. But such rule is not applied where the instrument furnishes no means of interpetation other than the legal meaning of its terms.

[4] The deed to Mrs. Clark purports to have been made and acknowledged at Memphis, Tenn. The acknowledgment is certified by a notary public in Tennessee form. Appellant suggests this discloses want of legal knowledge and skill as to the application of the laws of Alabama to the execution and construction of the conveyance. We do not see how this furnishes any basis for a different construction of the conveyance. If we assume the parties used the terms employed in the deed in the same sense as in conveyances of Tennessee lands, the case would not be different. Presuming the common law to be in force in that state, such assumption implies the parties intended to create an estate tail. If so, Alabama law governing the conveyance converts it into a fee simple estate. We may here remark, however, that the Tennessee law as defined by judicial decision appears to be the same as in Alabama. Scruggs v. Mayberry, 135 Tenn. 586, 188 S. W. 207.

The trial court correctly held that the deed to Mrs. Clark passed to her a fee-simple title.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.